**Certiorari Denied, January 7, 2011, No. 32,678**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2011-NMCA-009**

**Filing Date: October 12, 2010**

**Docket No. 28,618**

**STATE OF NEW MEXICO,**

     **Plaintiff-Appellant,**

**v.**

**BRIAN BOBBY MONTOYA,**

     **Defendant-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Abigail P. Aragon, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellant

Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellee

**OPINION**

**WECHSLER, Judge.**

**{1}** The district court dismissed the State of New Mexico's motion to revoke the probation of Defendant Brian Bobby Montoya for failure to meet the time limits of Rule 5-805 NMRA. The State appeals, asserting that it has the constitutional right to do so. It argues (1) that the district court lacked jurisdiction to dismiss based on Rule 5-805 because

1

Rule 5-805 unconstitutionally infringes upon the powers of the Legislature in violation of the separation of powers doctrine and (2) that the district court erred in its interpretation of Rule 5-805 by dismissing when the adjudicatory hearing was held within sixty days of the initial hearing. We hold that the State has a constitutional right to bring this appeal because it argues that the district court's dismissal is contrary to law, and the dismissal affects the State's strong interest in enforcing the laws of New Mexico. We nevertheless dismiss the State's appeal because Rule 5-805 provides procedural time frames that are compatible with the separation of the powers of the legislative and judicial branches of government, and, even though the adjudicatory hearing was held within sixty days of the initial hearing, it was not held within the time frames contemplated by Rule 5-805 in the aggregate, requiring dismissal under Rule 5-805(L).

## BACKGROUND

**{2}** On September 26, 2007, the Adult Probation and Parole Office provided a probation violation report to the district court recommending that Defendant's probation be revoked. The district court acted on the report on October 3, 2007, requesting the State to file a motion to revoke probation and ordering the issuance of an arrest warrant. Although the arrest warrant was not issued until November 19, 2007, when the State filed a motion to revoke probation, Defendant was arrested without a warrant on October 12, 2007. The State filed a request for a hearing on January 4, 2008, and the district court held an initial hearing on January 28, 2008. It held the adjudicatory hearing on February 25, 2008.

**{3}** Defendant filed a motion to dismiss the motion to revoke probation, and, at the adjudicatory hearing, Defendant argued for dismissal because the State had failed to comply with the time frames of Rule 5-805. Defendant contended that the requirements of Rule 5-805 require dismissal if the adjudicatory hearing is not held within 100 days of the arrest for the probation violation. The State countered that the purpose of the rule is to avoid delay when a probationer is in custody and that the dismissal provision only applied if the adjudicatory hearing is not held within sixty days of the initial hearing. Rule 5-805(L). The district court ruled that arrest, not custody, is the operative feature of the rule and that, even though the adjudicatory hearing was held within sixty days of the initial hearing, the time frames of the rule were violated in the aggregate. It dismissed the motion to revoke probation.

## CONSTITUTIONAL RIGHT TO APPEAL

**{4}** As an initial matter of jurisdiction, we address the right of the State to appeal from the dismissal of its motion to revoke probation. In its docketing statement, the State asserted a right to appeal by virtue of NMSA 1978, Section 39-3-3(B)(1) (1972). Section 39-3-3(B) grants the state the right to appeal from "a decision, judgment or order dismissing a complaint, indictment or information" in whole or in part, and from a district court order "suppressing or excluding evidence or requiring the return of seized property" upon certification by the district attorney of certain prerequisites. We thus held in *State v.*

*Grossetete*, 2008-NMCA-088, ¶¶ 12-13, 144 N.M. 346, 187 P.3d 692, that "the plain and ordinary meaning of the language of Section 39-3-3" does not provide the state with a right to appeal from the dismissal of a probation violation proceeding.

**{5}** In our amended calendar notice assigning this case to the general calendar, we noted our decision in *Grossetete* and informed the parties that we would determine the State's right to appeal after briefing. In its brief in chief, the State changes its position and contends that its right to appeal stems from the New Mexico Constitution, not from Section 39-3-3. Article VI, Section 2 of the New Mexico Constitution grants the "absolute right to one appeal" to "an aggrieved party" in a lawsuit. The state's constitutional right to appeal is independent of its statutory authority. *State v. Santillanes*, 96 N.M. 482, 486, 632 P.2d 359, 363 (Ct. App. 1980) ("The [L]egislature, by statute, may not diminish a right expressly provided by the constitution[.]"), *rev'd in part on other grounds*, 96 N.M. 477, 632 P.2d 354 (1981). Our appellate case law has long recognized that the state may appeal an adverse district court decision that is contrary to law. *State v. Heinsen*, 2005-NMSC-035, ¶ 9, 138 N.M. 441, 121 P.3d 1040; *Santillanes*, 96 N.M. at 486, 632 P.2d at 363; *State v. Doe*, 95 N.M. 90, 92, 619 P.2d 194, 196 (Ct. App. 1980), *superseded by statute on other grounds as stated in State v. Michael R.*, 107 N.M. 794, 795, 765 P.2d 767, 768 (Ct. App. 1988). Our jurisdiction depends on the merits of the state's argument on appeal; if, after examining the state's argument, we determine that the district court's disposition is not contrary to law, we will dismiss the appeal. *State v. Horton*, 2008-NMCA-061, ¶¶ 1, 22, 144 N.M. 71, 183 P.3d 956.

**{6}** The State argues in this appeal that the district court's decision applying Rule 5-805 is contrary to law. Defendant differs in his interpretation. He contends that the district court acts solely within its discretion in ruling upon a probation violation allegation under NMSA 1978, Section 31-21-15(B) (1989). Indeed, in *Grossetete*, we rejected the state's claim of a constitutional right to appeal because the district court acted within its discretion in denying and dismissing the probation violation petition and did not act contrary to law. 2008-NMCA-088, ¶ 10. However, in *Grossetete*, the district court addressed the merits of the petition and, acting within its discretion, denied it. *Id.* ¶¶ 7-10. In this appeal, the district court premised its dismissal on Rule 5-805 without addressing the merits. The district court acted as a matter of law. We will thus proceed to address the merits of the State's argument to determine if the district court's disposition is contrary to law, giving the State the right to appeal to this Court. *Horton*, 2008-NMCA-061, ¶¶ 1, 22.

**APPLICATION OF RULE 5-805**

**{7}** Rule 5-805 sets out the procedures when "it appears that the probationer may have violated the conditions of probation." Rule 5-805(A). It provides a series of time frames for actions to be taken. In relevant part, it states:

> E.     Filing of report. If there is a recommendation that probation be revoked, within five (5) days of the arrest of probationer the probation office shall submit a written violation or a summary report to the district attorney and the court describing the essential facts of each violation. . . .

3

F. District attorney duty. Within five (5) days of receiving the probation violation or a summary report, the district attorney shall either file a motion to revoke probation setting forth each of the alleged violations or file a notice of intent not to prosecute the alleged violations.

G. Initial hearing. An initial hearing on a motion to revoke probation shall be commenced within thirty (30) days after the latest of the following events:

(1) the date of the filing of a motion to revoke probation;

. . . .

(5) the date of arrest or surrender of a probationer in this state based on a bench warrant issued for failing to report.

H. Adjudicatory hearing. The adjudicatory hearing shall commence no later than sixty (60) days after the initial hearing is conducted.

. . . .

J. Waiver of time limits. The probationer may waive the time limits for commencement of the adjudicatory hearing.

. . . .

L. Dismissal. If an adjudicatory hearing on the alleged probation violation is not held within the time limits prescribed by this rule, the motion to revoke probation shall be dismissed with prejudice.

Rule 5-805.

{8} In dismissing the State's motion to revoke probation, the district court stated that although the adjudicatory hearing was held within sixty days of the initial hearing, Rule 5-805 was violated in the aggregate. We interpret a Supreme Court rule as a question of law subject to de novo review. *State v. Gutierrez*, 2006-NMCA-090, ¶ 7, 140 N.M. 157, 140 P.3d 1106. We look to the same rules of construction as if we were interpreting a statute. *Id.* Our function is to fulfill the intent of the rule. *H-B-S P'ship v. Aircoa Hospitality Servs., Inc.*, 2008-NMCA-013, ¶ 10, 143 N.M. 404, 176 P.3d 1136 (filed 2007). In doing so, we will "give effect to the plain meaning of [the] rule if its language is clear and unambiguous." *Id.* We will read all parts of the rule together to determine its intent. *Id.*

{9} The State argues that the district court erred in its interpretation because it did not give effect to the plain meaning of the rule and did not take into account the rule's intent to protect against unreasonably lengthy probation revocation proceedings when the probationer remains in custody for the violation. We address the State's arguments in turn.

4

**{10}**     As to the plain meaning of the rule, we agree with the State that the rule assigns time limits to each of the actions that are part of the probation revocation process except for arrest.  Subsection L is the only provision in Rule 5-805 that addresses sanctions.  It imposes the sanction of dismissal and only refers to the failure to hold an adjudicatory hearing.  The State construes this sole reference to mean that the rule does not contemplate Subsection L to apply to any other time limit besides the requirement that the adjudicatory hearing be held within sixty days of the initial hearing set forth in Subsection H.  According to the State, "[i]f the Supreme Court had intended to include the time limits for other stages of a probation revocation proceeding, the Court would have expressly named those stages."  However, the plain meaning of the rule is not as clear as the State contends.

**{11}**     Although Subsection L only mentions the failure to timely hold the adjudicatory hearing as the trigger for dismissal, we do not read it to be limited to the time limit to hold an adjudicatory hearing after the initial hearing imposed by Subsection H.  First, by its own language, Subsection L requires dismissal if an adjudicatory hearing "is not held within the time *limits* prescribed by this rule."  Rule 5-805(L) (emphasis added).  Because of the use of the plural, we do not construe Subsection L to be restricted to a single time limit and therefore do not read it to refer only to the time limit of Subsection H.  *See H-B-S P'ship*, 2008-NMCA-013, ¶ 10 (reiterating that we read statutes as a whole and harmoniously).  Second, Subsection L is not the rule's only plural reference to the time limits to hold the adjudicatory hearing.  Subsection J addresses the waiver of time limits and permits the probationer to "waive the time *limits* for commencement of the adjudicatory hearing."  Rule 5-805(J) (emphasis added).  We do not perceive that the Supreme Court intended that the probationer could only waive the time limit between the initial hearing and the adjudicatory hearing and not any other time limit.  *See H-B-S P'ship*, 2008-NMCA-013, ¶ 10 (stating that we seek to "give effect to the Supreme Court's intent" in interpreting rules).

**{12}**     When we read the language of Subsection L together with the other provisions of the rule, we understand the intent of the rule to require dismissal if the adjudicatory hearing is not held within a timely manner based on the time limits of the rule.  The rule focuses on the adjudicatory hearing because it is the culmination of the process and the point at which the district court will decide whether to revoke probation.  We thus do not agree with the State that the plain meaning of the rule requires a different interpretation of the rule than given by the district court.

**{13}**     As to the intent of the rule, the State argues that the Supreme Court intended the rule to address the concern of the Legislature, as reflected in NMSA 1978, Section 31-11-1(E) (1988) (providing eligibility for bail if a probation revocation hearing is not brought to court within sixty days), and of this Court, as stated in *State v. Chavez*, 102 N.M. 279, 281, 694 P.2d 927, 929 (Ct. App. 1985) (stating that probation revocation proceedings "must be held within a reasonable time after probation authorities become aware of an alleged violation of [a] defendant's probation or after the probationer is taken into custody").  The State reasons that the focus of Rule 5-805 is therefore probationers who are in custody and that the "drastic remedy of dismissal is completely out of proportion to the potential prejudice to a probationer who is not detained on the probation violation charges."

5

**{14}** Although Section 31-11-1(E) and *Chavez* were in place when the Supreme Court adopted Rule 5-805, there is no indication in the rule that the Court intended the rule to follow these authorities without deviation. From the plain language of the rule, setting forth specific time limits and providing for dismissal as a sanction, even if only for violation of Subsection H as the State urges, the Supreme Court charted a more specific course than had been established. Further, nothing in the rule indicates that dismissal applies only if a probationer is in custody. Subsection L does not require it. Indeed, Subsection D specifically addresses conditions of release pending adjudication of the probation violation that can obviate the problems contemplated by Section 31-11-1(E) and *Chavez*. Rule 5-805(D). Rather, we view the purpose of the rule to establish time frames that require the adjudication of the probation revocation within a reasonable time with the sanction of dismissal as a means of enforcement of the rule.

**{15}** The time limits of Rule 5-805 were not met in this case. Defendant was initially arrested on the probation violation on September 11, 2007, but he left the hospital where he was taken and could not be located until October 12, 2007, when he was again arrested and placed into custody. The Adult Probation and Parole Office submitted a report to the district court on September 26, 2007, recommending that Defendant's probation be revoked. The district attorney did not file a motion to revoke probation until November 19, 2007. As the State concedes, the district attorney exceeded the five-day requirement of Subsection F. The initial hearing was not held until January 28, 2008, exceeding the thirty-day time limit from the filing of the motion to revoke probation of Subsection G.

**{16}** In dismissing the motion to revoke probation, the district court concluded that the time limits of Rule 5-805 were violated in the aggregate. Indeed, the time limits of the subsections of the rule, beginning with the recommendation to revoke probation, amount to one hundred days. As a result, even though the district court would have met the sixty-day time limit to hold the adjudicatory hearing of Subsection H on February 25, 2007, if it had not dismissed the proceeding, the aggregate time limit from Defendant's arrest, even calculated from October 12, 2007, exceeded the aggregate time limit contemplated by Rule 5-805. Because the time limits of Rule 5-805 had expired before the district court had the opportunity to hold the adjudicatory hearing, Subsection L required the district court to dismiss the proceedings.

## CONSTITUTIONALITY OF RULE 5-805

**{17}** The State raises the constitutionality of Rule 5-805 as a matter of the jurisdiction of the district court. It contends that the rule infringes upon the Legislature's exclusive role in establishing the substantive law and thereby offends the constitutional provision for the separation of powers. N.M. Const. art. III, § 1.

**{18}** Under the New Mexico Constitution, the roles of the Supreme Court and the Legislature are both separate and overlapping. The Legislature has the responsibility to enact the laws of the state. N.M. Const. art. IV, § 1. With respect to the procedure of the courts, the New Mexico Constitution vests the Supreme Court with "superintending control over all inferior courts." N.M. Const. art VI, § 3. The Supreme Court has historically

enacted rules to fulfill this responsibility. *See State v. Santiago*, 2010-NMSC-018, ¶ 13, 148 N.M. 144, 231 P.3d 600. It has nevertheless acknowledged that, although it "has ultimate rule-making authority," such authority is not exclusive such that the Legislature may enact laws concerning rules and practice in the courts unless the laws conflict with an existing court rule, the constitution, or the essential functions of the Supreme Court. *Albuquerque Rape Crisis Ctr. v. Blackmer*, 2005-NMSC-032, ¶ 5, 138 N.M. 398, 120 P.3d 820. The Legislature has stated the respective responsibilities of the two branches of government as follows:

> The [S]upreme [C]ourt of New Mexico shall, by rules promulgated by it from time to time, regulate pleading, practice and procedure in judicial proceedings in all courts of New Mexico for the purpose of simplifying and promoting the speedy determination of litigation upon its merits. Such rules shall not abridge, enlarge or modify the substantive rights of any litigant.

NMSA 1978, § 38-1-1(A) (1966).

**{19}** In *Albuquerque Rape Crisis Center*, our Supreme Court expressed its approach to co-existing judicial and legislative enactments concerning practice and procedure by first determining whether they are sufficiently consistent to give effect to both. 2005-NMSC-032, ¶ 11. Only in the event of inconsistency would the legislative procedure fail. *Id.*; *cf. Grassie v. Roswell Hosp. Corp.*, 2008-NMCA-076, ¶¶ 10-12, 144 N.M. 241, 185 P.3d 1091 (applying *Albuquerque Rape Crisis Center* analysis and concluding that statute and rule pertaining to amount of supersedeas bond did not irreconcilably conflict). We take a similar approach to reach harmony between a statute and a rule if the statute creates a substantive right, *see In re Daniel H.*, 2003-NMCA-063, ¶ 17, 133 N.M. 630, 68 P.3d 176, although if the two are inconsistent, the legislative enactment would prevail. *Sw. Cmty. Health Servs. v. Smith*, 107 N.M. 196, 199, 755 P.2d 40, 43 (1988) (stating that our Supreme Court "should not invalidate substantive policy choices made by the [L]egislature under the constitutional exercise of its police powers" and that "it is the function of [the Supreme] Court to promulgate *procedural* rules" (emphasis added)).

**{20}** The State argues that Rule 5-805(H), by requiring dismissal for the failure to comply with time limits, creates a substantive provision that abrogates the legislatively-established right of the State to pursue a probation revocation. "The distinction between a procedural and a substantive provision is frequently difficult to draw." *In re Daniel H.*, 2003-NMCA-063, ¶ 18. We have described substantive law as "creating, defining, and regulating rights, duties, and obligations," and procedural provisions as "mechanisms designed to accomplish a just determination of rights and duties granted by substantive law." *Id.* (internal quotation marks and citation omitted). "Procedural provisions do not abridge, enlarge or modify the substantive rights of any litigant." *Id.* (internal quotation marks and citation omitted).

**{21}** We perceive the statutes at issue in this case to be both substantive and procedural. Substantively, in the case of an alleged probation violation, Section 31-21-15(A), (B) gives the court the authority to modify a probationer's sentence, gives the state the right to arrest the probationer, and gives the probationer the right to a hearing. *State v. Jackson*, 2010-

7

NMSC-032, ¶ 19, 148 N.M. 452, 237 P.3d 754 (arrest probationer); *State v. Leslie*, 2004-NMCA-106, ¶ 8, 136 N.M. 244, 96 P.3d 805 (right to a hearing); *State v. Freed*, 1996-NMCA-044, ¶ 14, 121 N.M. 569, 915 P.2d 325 (modify sentence). Section 31-11-1(E) provides for bail eligibility under certain circumstances. *See State v. House*, 1996-NMCA-052, ¶ 6, 121 N.M. 784, 918 P.2d 370 (stating that the right to bail under Section 31-11-1(C) is a substantive right). Procedurally, Section 31-21-15(A) provides for the issuance of an arrest warrant and notice to the probationer. Section 31-11-1(E) provides the time frame of sixty days for a hearing to be held for an arrested probationer.

**{22}** Rule 5-805 also has both substantive and procedural aspects. It provides for bail, and, to this extent, it defines rights and is substantive. To the extent that it sets time limits for aspects of the proceeding, it is carrying out the determination of substantive rights and is procedural. *See In re Daniel H.*, 2003-NMCA-063, ¶ 18 (stating that "mechanisms designed to accomplish a just determination of rights and duties granted by substantive law" are procedural provisions (internal quotation marks and citation omitted)). The particular question before us is whether Subsection H, by requiring dismissal if the time limits to hold an adjudicatory hearing are not met, abridges the State's substantive rights created by statutes.

**{23}** Although Subsection H can be viewed as limiting the absolute right granted by Section 31-21-15, the Supreme Court has the clear right to establish procedures to prevent delay in court proceedings. *See State ex rel. Schwartz v. Kennedy*, 120 N.M. 619, 624, 904 P.2d 1044, 1049 (1995) (stating that our Supreme Court exercises its power of superintending control in exceptional circumstances, including preventing costly delays). Such right is implicit in its constitutional authority of superintending control of the inferior courts and has been recognized by the Legislature. *See* N.M. Const. art. VI, § 3; § 38-1-1 ("The [S]upreme [C]ourt of New Mexico shall, by rules promulgated by it from time to time, regulate pleading, practice and procedure in judicial proceedings in all courts of New Mexico for the purpose of simplifying and promoting the speedy determination of litigation upon its merits."). To be sure, Section 38-1-1(A) also provides that Supreme Court rules "shall not abridge, enlarge or modify the substantive rights of any litigant." However, we do not perceive that, by ensuring the speedy resolution of substantive rights in court proceedings, Subsection H abridges substantive rights; it merely avoids delay in the exercise of such rights. *See* Rule 5-805(H).

**{24}** We do not agree with the State's analogy to statutes of limitation that are enacted by the Legislature and create substantive rights. Statutes of limitation affect the time in which a litigant may bring an action in court to enforce substantive rights. They are different from rules of the Supreme Court that affect procedure in the courts once a proceeding has been initiated in court. Such rules are the hallmark of the Supreme Court's constitutional authority to control procedure in the courts of the state.

**{25}** We thus read the statutes and rule in question consistently. Both Rule 5-805 and Section 31-11-1(E) permit the probationer to be released on bail. The difference between them concerns the manner in which they treat proceedings that do not timely reach conclusion. As we have discussed, Rule 5-805 requires dismissal if the time limits for the

8

adjudicatory hearing are not met. Section 31-11-1(E) states only that a probationer shall be eligible for bail if the final hearing is not held within sixty days of arrest; it is silent as to dismissal. Although Section 31-11-1(E) provides a different solution to the failure to resolve a probation revocation proceeding in a timely manner, it is limited to the availability of bail to a probationer who is still in custody. Section 31-11-1(E) does not address, as does Rule 5-805(H), the speedy resolution of all probation revocation proceedings. Rule 5-805 thus provides the procedural framework to ensure the speedy resolution of the legislatively granted substantive rights. It does not infringe upon substantive rights granted by the Legislature. There is no separation of powers problem in this case.

**CONCLUSION**

{26}    The district court did not err in dismissing the State's motion to revoke Defendant's probation. Because the order was not contrary to law, we dismiss the State's appeal.

{27}    **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**RODERICK T. KENNEDY, Judge**

**Topic Index for _State v. Montoya_, Docket No. 28,618**

| | |
|---|---|
| **AE** | **APPEAL AND ERROR** |
| AE-ST | State's Right to Appeal |
| | |
| **CT** | **CONSTITUTIONAL LAW** |
| CT-SP | Separation of Powers |
| | |
| **CU** | **COURTS** |
| CU-IP | Inherent Powers |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-PB | Probation |
| CA-RV | Revocation of Probation |
| CA-TL | Time Limitations |