This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                             **No. 31,971**

**ANTHONY MARCUS RIVAS,**

Defendant-Appellant,

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando Macias, District Judge**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}     Defendant Anthony Marcus Rivas appeals the revocation of his probation. The State concedes that the district court erroneously concluded that the 2011 amendment

to Rule 5-805 NMRA did not apply in the present case. Nonetheless, the State maintains that affirmance of the probation revocation is warranted because even if the district court had applied the 2011 amendment, dismissal of the petition for revocation would have constituted an abuse of discretion. We are not persuaded by the State's arguments, and we therefore reverse and remand for further proceedings.

**DISCUSSION**

{2} We review decisions to revoke probation for abuse of discretion. *State v. Martinez*, 1989-NMCA-036, ¶ 5, 108 N.M. 604, 775 P.2d 1321. Generally speaking, this is a highly deferential standard of review. However, "the abuse-of-discretion standard does not preclude an appellate court from correcting errors premised on the trial court's misapprehension of the law." *State v. Barnett*, 1998-NMCA-105, ¶ 13, 125 N.M. 739, 965 P.2d 323.

{3} The 2011 amendment to Rule 5-805(L) provides that the courts "may dismiss [a] motion to revoke probation for violating any of the time limits" set forth in earlier sub-parts of the rule. *Id.* The annotations clarify that this amended provision is "effective for all hearings held in the district court on or after November 1, 2011." *Id.* In this case, the record reflects that the hearing was conducted on December 5, 2011. Accordingly, the parties are correct that the amended version is applicable such that

the district court was vested with discretion to dismiss the petition as a result of the State's apparent failure to comply with the deadlines set forth in Rule 5-805.

{4}    However, the district court was under the misimpression that the prior version of Rule 5-805 applied, such that dismissal could only have been warranted if, considering the various time limits in the aggregate, the adjudicatory hearing was not conducted in a timely fashion. *See generally State v. Montoya*, 2011-NMCA-009, ¶¶ 11-16, 149 N.M. 242, 247 P.3d 1127 (discussing the prior version of Rule 5-805, specifically in relation to the aggregate approach to evaluating the timeliness of an adjudicatory hearing). Because Defendant's motion to dismiss was premised on the violation of the time limits associated with earlier stages of the proceeding, rather than on the timing of the later adjudicatory hearing, the error effectively precluded the district court from exercising the discretion with which it is vested under the current rule.

{5}    As an initial matter, we address the State's argument that Defendant failed to preserve his argument that his probation officer failed to timely file a probation revocation report, in violation of Rule 5-805(E). While we agree that Defendant's motion to dismiss did not mention Subsection (E), the district court never conducted a hearing on Defendant's motion because it ruled that the 2011 amendment to Rule

5-805 did not apply. As a result, Defendant did not have the opportunity to expand on the specific arguments set forth in his written motion.

**{6}** But even if we disregard Defendant's argument based on Subsection (E), we are still faced with his argument founded on Subsection (F), which requires the State to file a petition to revoke probation within five days of receiving either the probation violation report or a summary of that report. While it is not clear precisely when the district attorney received the probation violation report in this case, the record contains a "Notice of Arrest" filed by the State on September 28, 2011, which reflects that the State had received either the full probation violation report or a summary of it by that date. Because Subsection (F) required the State to file the petition to revoke probation within the next five days, the actual filing of the petition on October 20 occurred well beyond the applicable deadline. Under the current version of Rule 5-805, this violation supplied a potential basis for dismissal of the petition to revoke Defendant's probation. *See* Rule 5-805(L) (providing without limitation that the district courts may dismiss motions to revoke probation for violating any of the time limits set forth in Rule 5-805).

**{7}** The State argues that the amended version of Rule 5-805 should be interpreted as permitting dismissal only in circumstances where a defendant has been prejudiced by a delay that exceeds the aggregate time limits stated in the rule. We decline to

4

interpret the rule in this fashion because nothing in the rule suggests that Defendant must demonstrate prejudice, and a comparison of the previous and current versions of the rule does not suggest that such a showing is required. The prior version contemplated dismissals only if the adjudicatory hearing was not timely conducted, either in light of the specific sixty-day deadline set forth in Subsection (H) or when considering all of the other deadlines leading up to the adjudicatory hearing in the aggregate. *See Montoya*, 2011-NMCA-009, ¶¶ 11-16. By contrast, the new version takes an isolating approach to each of the various deadlines associated with each of the different events and proceedings described in Rule 5-805, such that the courts are permitted to consider dismissal whenever any time limit is violated. *See* Rule 5-805(L). For the present purposes, the distinction is material because the State's apparent violation of Subsection (F) could supply a basis for dismissal of the petition, regardless of the timeliness of the subsequent adjudicatory hearing.

{8}     Finally, the State suggests that the apparent violation of Subsection (F) could not have supplied a basis for granting Defendant's motion because dismissal would have been an abuse of discretion as a matter of law. However, we are presented with a situation in which the district court entirely failed to exercise its discretion. *See generally Waters-Haskins v. N.M. Human Servs. Dep't,* 2008-NMCA-127, ¶ 8, 144 N.M. 853, 192 P.3d 1230 ("A failure to exercise discretion conferred by law is, of

5

itself, an abuse of discretion."), *rev'd on other grounds*, 2009-NMSC-031, 146 N.M. 391, 210 P.3d 817. Contrary to the State's suggestion, we cannot and will not supplant the district court relative to the exercise of that discretion.

**CONCLUSION**

{9} For the reasons stated above, we reverse and remand for further proceedings.

{10} **IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Chief Judge**

_____

**LINDA M. VANZI, Judge**