This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                              **NO.   33,170**

**BRIAN O'NEILL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Frank K. Wilson, District Judge**

Gary K. King, Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Chief Judge.**

{1}     Brian O'Neill (Defendant) appeals from the district court's denial of his motion to dismiss the State's petition to revoke his probation, alleging that the district court erred in not dismissing the petition for violation of the time limits as set forth in Rule 5-805 NMRA. [DS unnumbered 2-3] This Court issued a calendar notice proposing summary affirmance. Defendant has filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we affirm.

{2}     In our calendar notice, we proposed to hold that Defendant failed to demonstrate an abuse of discretion on the part of the district court in its decision to deny his motion to dismiss the petition. [CN 4] We based this proposed conclusion on the fact that "other than a mere recitation of various dates and milestones, Defendant's docketing statement does not allege any facts to assist this Court in determining whether the district court's decision not to dismiss" [CN 3] was "clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829.

{3}     Defendant's memorandum in opposition does not point to any specific errors in fact or in law in our calendar notice. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly

point out errors in fact or law."). Instead, Defendant argues that the "State's systematic failures at punctuality rendered the time limits in Rule 5-805 meaningless and offended the overall spirit of the rule—timely adjudications for probation revocations." [MIO 5] Furthermore, Defendant contends that the district court's decision not to dismiss "permits the State to shirk its obligation to timely adjudicate these matters." [MIO 5] We are not persuaded.

{4} In reaching our proposed disposition, we assumed that Defendant was correct in asserting that the time limits were violated. [CN 3] Defendant has supported this assumption in his memorandum in opposition by providing this Court with greater detail, outlining alleged violations of the Rule 5-805(G) thirty-day time limit for conducting an initial hearing and the Rule 5-805(H) sixty-day time limit for conducting an adjudicatory hearing. [MIO 6] Furthermore, as we assumed in our calendar notice, Defendant asserts that the time limits were violated in the aggregate, pursuant to *State v. Montoya*, which held that an adjudicatory hearing must be held within one hundred days after a defendant is arrested. 2011-NMCA-009, ¶ 16, 149 N.M. 242, 247 P.3d 1127. [MIO 9] Although we are now convinced by Defendant's memorandum in opposition that our initial assumption was correct, it remains clear that dismissal for violations of the time limits in Rule 5-805 is not mandatory, but rather is within the discretion of the district court. *See* Rule 5-805(L) ("In addition to any release of the probationer that may be required by Paragraphs G or H of this rule,

the court may dismiss the motion to revoke probation for violating any of the time limits in this rule.").

{5}     We construe Defendant's contention that "[p]ermitting extensions of time without any valid basis for delay rewards the State for such inadvertence[] and runs afoul of the spirit and purpose of Rule 5-805" [MIO 10] as an argument that the district court abused its discretion in not dismissing the petition.  However, the record does not support Defendant's assertion that the adjudicatory hearing was delayed due to the actions or "inadvertence" of the State.  [MIO 10]  As Defendant himself acknowledges, an adjudicatory hearing was scheduled for May 22, 2013, before the district court vacated the hearing *sua sponte* upon the resignation of the sitting judge.  [MIO 2, 5; RP 103-104, 121]  Subsequent to the district court's vacation of the hearing, the State filed a motion for an emergency setting for the adjudicatory hearing.  [MIO 3; RP 105]  A week later, Defendant filed his own request for an expedited setting.  [MIO 3; RP 106]  In response, the district court scheduled an initial hearing for June 11, 2013.  [MIO 3; RP 108]  It was at this hearing that the district court released Defendant pursuant to Rule 5-805(H), but denied his motion to dismiss.  [MIO 3-4; RP 112-113]  The district court then reset the hearing for an adjudicatory hearing on June 20, 2013.  [MIO 4; RP 110]

{6}     We are not convinced that the facts presented by Defendant demonstrate an abuse of discretion on the part of the district court.  Even with a violation of the Rule

4

5-805(G) thirty-day time frame, had the adjudicatory hearing been held as scheduled on May 22, 2013, there would have been no violation of the Rule 5-805(H) sixty-day time limit, and any violation of the Rule 5-805 time limits in the aggregate would have been at most slight. It is clear from Defendant's recitation of the facts that it was the district court, not the State, that was responsible for delaying the adjudicatory hearing following the resignation of the sitting judge. We hold that it was not an abuse of discretion for the district court to determine that the delay under these circumstances did not merit the exercise of its authority to dismiss under Rule 5-805(L).

{7}     For these reasons and those in our calendar notice, we affirm.

{8}     **IT IS SO ORDERED.**

 

_____

**RODERICK T. KENNEDY, Chief Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**LINDA M. VANZI, Judge**