This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellant,**
v.
**STEVEN TEAGUE,**
**Defendant-Appellee.**

Docket No. A-1-CA-35619
COURT OF APPEALS OF NEW MEXICO
April 30, 2019

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY, Michael E. Martinez, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM, Walter M. Hart, III, Assistant Attorney General, Albuquerque, NM, for Appellant

Bennett J. Baur, Chief Public Defender, Nina Lalevic, Assistant Appellate Defender, Santa Fe, NM, for Appellee.

**JUDGES**

J. MILES HANISEE, Judge. WE CONCUR: M. MONICA ZAMORA, Chief Judge, JENNIFER L. ATTREP, Judge

**AUTHOR:** J. MILES HANISEE

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** The State appeals from the district court's dismissal of the State's motion to revoke Defendant Steven Teague's probation. Concluding that Rule 5-203(A) NMRA, New Mexico's mandatory joinder rule for criminal proceedings, does not apply to probation revocation proceedings and that Defendant has failed to establish a due process violation in this case, we reverse and remand.

## BACKGROUND

### Defendant's Original Conviction and Probation Conditions

**{2}** In 2007, Defendant was charged with fifteen counts of manufacturing child pornography, fifteen counts of possession of child pornography, and five counts of attempting to distribute child pornography. Defendant entered into a plea agreement under which he pled guilty to two counts of possession of child pornography, and no contest to two counts each of manufacturing of child pornography and attempting to distribute child pornography. Under the agreement, the State agreed to dismiss all remaining charges and to limit Defendant's total exposure of twenty-four years' incarceration to ten years at initial sentencing. Accepting the agreement in December 2008, the district court sentenced Defendant to twenty-four years' incarceration, suspending seventeen years but imposing a mandatory, one-year habitual offender enhancement for a total of eight years' incarceration. The district court also imposed an indefinite period of supervised probation to begin immediately upon Defendant's release from prison.

**{3}** Defendant was paroled and released to probation in March 2012. His order of probation included the following pertinent terms and conditions:

1. I will not violate any of the laws or ordinances of the State of N[ew] M[exico], or any other jurisdiction.[1]

. . . .

4. I will not associate with any person identified by my Probation/Parole officer as being detrimental to my Probation supervision[.][2]

. . . .

Special conditions.

. . . .

10. Defendant is not to possess, access, or view any pornographic or sexually explicit material and no computer access.[3]

The order of probation pointedly warned Defendant, "[Y]our probation may be revoked if you violate any one of the conditions of this [o]rder during the time of your probation."

### The 2013 Search and Defendant's 2014 Probation Revocation

---

[1] Hereinafter referred to as Standard Condition Number 1.

[2] Hereinafter referred to as Standard Condition Number 4.

[3] Hereinafter referred to Special Condition Number 10.

**{4}** In 2013, probation and other law enforcement officers received a tip from the National Center for Missing and Exploited Children that Defendant was in possession of child pornography. Officers questioned Defendant, searched his home, and seized his electronic devices. During the search, probation officers encountered Defendant's eighteen-year-old boyfriend (Boyfriend) and found over one hundred pornographic items. They discovered approximately fifty pornographic photos that appeared to feature "younger males in their younger teens" on Defendant's cellular phones, as well as laptops and a bill for internet service. Based on this search, Defendant's probation officer filed a report of violation, alleging that Defendant violated Standard Conditions Number 1 and 4, and Special Condition Number 10. Defendant's parole was revoked in August 2013 "based on the possession of pornography by a [s]ex [o]ffender," at which time he was returned to prison.

**{5}** In 2014, the State formally moved to revoke Defendant's probation. At the ensuing revocation hearing, the State informed the district court that it had reached an agreement with Defendant in which he would "admit to a violation of Standard Condition Number 4, which is association with individuals detrimental to his probation, specifically, [Boyfriend,]" and the State would agree that Defendant would "serve a [ninety]-day sanction." The State additionally agreed that the ninety-day sanction for the probation violation would run concurrently with Defendant's "penalty for th[e parole] violation." The district court accepted Defendant's admission to the violation, sentenced Defendant to ninety days' incarceration to run "concurrent with [his] parole sentence," and reinstated Defendant's probation with the additional condition that Defendant have "no contact or association with [Boyfriend]."

**The 2015 Search Warrant and Defendant's New Charges**

**{6}** In 2015, a special agent with the New Mexico Attorney General's office obtained and executed a search warrant for the cell phones seized during the 2013 search of Defendant's home. The search unearthed yet more pornographic photographs, along with two videos on Defendant's two cellular phones depicting children believed to be less than eighteen years of age engaged in sexual acts or on lascivious display. The special agent also located an email that Defendant sent himself that included an attachment of a boy the probation officer believed to be less than fifteen years old in a sexually explicit position. Defendant admitted that he purchased both cell phones, and, after the special agent showed him six sexually explicit images found on both of his phones, he also admitted the children depicted therein were under eighteen years of age. Based on this evidence, in July 2015 the State filed two new felony charges against Defendant for possession and manufacturing of child pornography.

**{7}** The next month, the State again moved to revoke Defendant's probation, this time based exclusively on Defendant's having been charged anew criminally with a second set of child pornography offenses (hereinafter referred to as the Second Motion). Prior to a hearing on the Second Motion—the dismissal of which is at issue in this appeal—Defendant pled guilty to both new criminal charges. Defendant thereafter moved to dismiss the Second Motion because of either the State's failure to timely

prosecute the second revocation in accordance with Rule 5-805 NMRA or, alternatively, his theory that the Second Motion constituted "piecemeal prosecution" and violated Rule 5-203(A).

**{8}** The district court denied Defendant's motion to dismiss under Rule 5-805 but seemed to agree that the Second Motion constituted impermissible "piecemeal prosecution" because it was improper for the State to "go back and bring up more and more violations [occurring] prior to" the date of the initial probation revocation motion based on the "same contraband" seized. The district court thus granted Defendant's motion to dismiss. The State appeals.

## DISCUSSION

**{9}** The issue we must resolve is whether the district court erred in dismissing the Second Motion. The State argues that Rule 5-203(A) provides no basis for dismissing the Second Motion because it has no application to probation revocation proceedings and makes various other arguments why the district court erred. Defendant seems to abandon his argument based on Rule 5-203(A). Instead, Defendant advances three alternative theories in support of the district court's ruling: (1) that the district court denied the Second Motion on the merits; (2) that dismissal was proper because the State failed to bring the Second Motion within the time limits prescribed by Rule 5-805; or (3) that the general policy against piecemeal prosecution requires dismissal of the second probation revocation proceeding pursuant to due process principles.

**{10}** We begin by addressing the State's argument that the district court misapplied Rule 5-203(A)'s mandatory joinder requirement to Defendant's probation revocation proceeding. *Cf. State v. Harrison*, 2010-NMSC-038, ¶¶ 6, 8, 15, 148 N.M. 500, 238 P.3d 869 (noting that appellate courts are not bound by a party's concession and proceeding to examine the issue that the defendant had earlier raised but was no longer pressing on appeal). We first conclude that, to the extent the district court granted Defendant's motion to dismiss pursuant to Rule 5-203(A), such reliance was error, and then proceed to consider each of Defendant's alternative arguments to determine whether dismissal was proper for a different reason.

## I. Rule 5-203(A)'s Mandatory Joinder Requirement Does Not Apply to the State's Second Motion

## A. Standard of Review

**{11}** We review a district court's probation revocation decision for an abuse of discretion. *State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. "[A district] court abuses its discretion when it exercises its discretion based on a misunderstanding of the law." *State v. Vigil*, 2014-NMCA-096, ¶ 20, 336 P.3d 380. Thus, "[e]ven when we review for an abuse of discretion, . . . we review the application of the law to the facts de novo." *State v. Hunter*, 2005-NMCA-089, ¶ 20, 138 N.M. 96, 117 P.3d 254 (internal quotation marks and citation omitted). Likewise, construction of statutes and our

Supreme Court's rules is subject to de novo review. *See State v. Chakerian*, 2018-NMSC-019, ¶ 10, ___ P.3d ___ ("Statutory interpretation is a matter of law and is reviewed de novo."); *State v. Montoya*, 2011-NMCA-009, ¶ 8, 149 N.M. 242, 247 P.3d 1127 ("We interpret a Supreme Court rule as a question of law subject to de novo review.").

**B.    Rule 5-203(A) Does Not Compel Dismissal of the Second Motion to Revoke Defendant's Probation**

**{12}**    To the extent the district court's dismissal of the Second Motion was based on Rule 5-203(A), we conclude this was error. Rule 5-203(A) provides:

> Two or more offenses shall be joined in one complaint, indictment or information with each offense stated in a separate count, if the offenses, whether felonies or misdemeanors or both:
>
> (1) are of the same or similar character, even if not part of a single scheme or plan; or
>
> (2) are based on the same conduct or on a series of acts either connected together or constituting parts of a single scheme or plan.

In interpreting procedural rules, "we apply the same canons of construction as applied to statutes and, therefore, interpret the rules in accordance with their plain meaning." *N.M. Uninsured Emp'rs Fund v. Gallegos*, 2017-NMCA-044, ¶ 15, 395 P.3d 533 (internal quotation marks and citation omitted). We look first to the language of the rule itself, *id.*, and "give effect to the plain meaning of the rule if its language is clear and unambiguous." *Montoya*, 2011-NMCA-009, ¶ 8 (alteration, internal quotation marks, and citation omitted). We "will not read language into rules which [our Supreme Court] did not see fit to add unless it is necessary to conform to the obvious intent, or to prevent absurdity." *State v. Elam*, 1989-NMCA-006, ¶ 16, 108 N.M. 268, 771 P.2d 597.

**{13}**    By its plain language, Rule 5-203(A) does not apply to probation revocation proceedings, which are brought *not* through a "complaint, indictment or information" based on alleged criminal "offenses" but rather through a "motion to revoke probation" based on a defendant's "alleged violations." *See* Rule 5-805(F) (providing that "[w]ithin five (5) days of receiving the probation violation or a summary report, the district attorney shall either file a motion to revoke probation setting forth each of the alleged violations or file a notice of intent not to prosecute the alleged violations"). As stated previously, Defendant—apparently now conceding that Rule 5-203(A) does not apply to probation revocation proceedings—neither argues that the rule is unclear or unambiguous, nor explains how or why the rule should be construed to apply in proceedings other than criminal prosecutions of which probation revocation proceedings are not a part. *See State v. Sanchez*, 2001-NMCA-060, ¶ 13, 130 N.M. 602, 28 P.3d 1143 (noting that "a probation revocation hearing *is not part of a criminal prosecution*" (emphasis added)). Moreover, Defendant offers, and we see, no reason to read into

Rule 5-203(A) a requirement that all probation violations be joined in one proceeding or risk forever being barred. That is particularly so given that our Supreme Court has promulgated a separate rule governing the process by which revocation may proceed. *See* Rule 5-805. Rule 5-805 establishes a complete procedure for revoking probation, comprising notice requirements, arrest procedures, conditions of release, filing requirements, hearings to be held, and time limits within which actions must be taken, including sanctions for noncompliance with time limits. *Id.* Critically, Rule 5-805 contains no provision similar to Rule 5-203(A)'s joinder-of-offenses requirement. We conclude Rule 5-203(A) is inapplicable to probation revocation proceedings, and to the extent the district court's dismissal was based on Rule 5-203(A), it was in error.

## II. Defendant's Alternative Theories Supporting Affirmance

**{14}** Having concluded that Rule 5-203(A) does not apply in the probation revocation context, we next consider Defendant's arguments that dismissal was proper for any of three other reasons.

## A. The District Court's Ruling Was Neither a Denial of the Motion on the Merits Nor a Sanction Under Rule 5-805

**{15}** We briefly and summarily dispose of two arguments advanced by Defendant on appeal. Defendant's first contention is that the district court's ruling "shows that [it], in its discretion, did not believe that the new revocation filed by the State" warranted revocation and imposition of the balance of Defendant's sentence. In other words, Defendant attempts to characterize the district court's ruling as a *denial* of the Second Motion on the merits rather than a dismissal on procedural grounds based on Defendant's motion to dismiss, an argument we summarily reject as unsupported by the record. The district court granted Defendant's motion to dismiss; it did not deny the Second Motion on the merits.

**{16}** Anticipating this result, Defendant next contends that dismissal was proper because the State failed to bring the Second Motion within the time limits prescribed by Rule 5-805. This argument also fails because dismissal of a motion to revoke probation for failing to comply with the time limits imposed by the Rule rests within the sound discretion of the district court. *See* Rule 5-805(L) ("In addition to any release of the probationer that may be required by Paragraphs G or H of this rule, the court *may dismiss* the motion to revoke probation for violating any of the time limits in this rule." (emphasis added)). Defendant ignores that the district court expressly declined to exercise that discretion, explaining that the time-limit violation about which Defendant complained was not "so egregious" and Defendant was not prejudiced in any way by the delay.[4] Defendant's contention that "the [district] court exercised its discretion [to dismiss the Second Motion] . . . on grounds of timeliness" is not an accurate representation of the district court's ruling. We decline Defendant's invitation to affirm

---

[4] The record reflects that at the time of the second probation revocation proceeding, Defendant was already "serving about a decade" of time for something unrelated to the alleged probation violation.

the district court's dismissal on a ground that the district court expressly, and in its discretion, rejected.

## B.  Due Process Does Not Require Dismissal of the Second Motion

**{17}**  Defendant's final argument is that he "has the right to due process" in a probation revocation proceeding and that the district court "likely . . . intended to extend due process protections"—by which Defendant appears to mean a mandatory joinder requirement—to Defendant's second probation revocation proceeding. According to Defendant, "[t]he [district] court properly denied the State's motion to revoke because it was fundamentally unfair to allow the second probation revocation to proceed."

**{18}**  Though not entirely clear, Defendant's due process argument essentially proceeds as follows: The State alleged in its 2014 motion that Defendant violated his probation by, among other things, (1) possessing pornographic or sexually explicit material and (2) failing to obey all laws, an allegation premised on Defendant's possession of pornographic materials containing images that "appear to be of younger males in their younger teens." Defendant's probation was revoked as a result of the 2014 motion, albeit based on his admission of the unrelated violation premised on Defendant's association with Boyfriend, not the aforementioned allegations. Because Defendant received a sanction for a probation violation based on the 2014 motion, and because the 2014 motion contained allegations premised upon possession of pornography and new violations of law, it would be fundamentally unfair—i.e., a violation of due process—to allow the State to again seek revocation of Defendant's probation based on the fruits of the same search that formed the basis of the State's prior revocation motion.

**{19}**  We review claimed due process violations de novo. *See State ex rel. Children, Youth & Families Dep't v. Maria C.*, 2004-NMCA-083, ¶ 17, 136 N.M. 53, 94 P.3d 796. "Root principles of fairness dictate that procedural due process be afforded whenever a government decision threatens to deprive an individual of a fundamental liberty or property interest." *Id.* ¶ 24. "[D]ue process is a rather malleable principle which must be molded to the particular situation, considering both the rights of the parties and governmental interests involved." *State ex rel. Torrez v. Whitaker*, 2018-NMSC-005, ¶ 87, 410 P.3d 201 (internal quotation marks and citation omitted). "The amount of process due depends on the particular circumstances of each case." *Id.* (internal quotation marks and citation omitted). "[N]ot all situations calling for procedural safeguards call for the same kind of procedure." *State v. Guthrie*, 2011-NMSC-014, ¶ 11, 150 N.M. 84, 257 P.3d 904 (emphasis, internal quotation marks, and citation omitted).

**{20}**  Probation revocation proceedings implicate the possible deprivation of a defendant's conditional liberty. *See State v. Castillo*, 2012-NMCA-116, ¶ 9, 290 P.3d 727 (explaining that "loss of probation is loss of only conditional liberty" (internal quotation marks and citation omitted)). Consequently, "the full panoply of rights due a defendant in a criminal trial do not apply." *Id.* (alterations, internal quotation marks, and

citation omitted). Due process in the probation revocation context requires, at a minimum:

> (a) written notice of the claimed violations (of probation) . . . ; (b) disclosure to the (probationer) . . . of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a neutral and detached hearing body . . . ; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation)[.]

*Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973) (internal quotation marks and citation omitted); *see also Guthrie*, 2011-NMSC-014, ¶ 12 (quoting *Gagnon*'s due process requirements for a probation revocation proceeding).

**{21}** Defendant does not claim that he was deprived of any of these established procedural protections. He then fails to explain with any clarity or principled analysis how allowing the Second Motion to proceed to a hearing on the merits would constitute a violation of Defendant's due process rights under the particular facts and circumstances of this case. He posits, without citation to relevant authority, that "[i]f due process extends some of the interests behind compulsory joinder to the probation context, it should require that the prosecution complete its investigation with *some* measure of due diligence prior to filing a motion to revoke so that it may identify all possible violations committed by the defendant thus far in his probation term." While true that "delay in the institution and prosecution of probation revocation proceedings along with a showing of prejudice to the probationer, may constitute a denial of due process, thereby requiring the state to waive any right to revoke defendant's probation[,]" it is also well established that the state, in its discretion, "may press for revocation of a probationer's probation before or after his trial on related charges[,]" so long as the state does not unreasonably delay the revocation proceedings. *State v. Chavez*, 1985-NMCA-003, ¶¶ 9-10, 102 N.M. 279, 694 P.2d 927. Defendant has neither shown prejudice nor demonstrated that the State's election to bring a second probation revocation proceeding based on Defendant's new charges was constitutionally unreasonable. Given the lack of clarity regarding both the basis for and law supporting Defendant's due process argument, we are under no obligation to consider Defendant's due process claim further. *See State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031 (explaining that appellate courts are under no obligation to review unclear or undeveloped arguments); *State v. Duttle*, 2017-NMCA-001, ¶ 15, 387 P.3d 885 ("For this Court to rule on an inadequately briefed constitutional issue would essentially require it to do the work on behalf of [the d]efendant.").

**{22}** Under the facts and circumstances of this case, Defendant has not established a due process violation in permitting the State to proceed with seeking to revoke Defendant's probation via the Second Motion. To the extent the district court's dismissal was based on a violation of due process, it was in error.

**CONCLUSION**

**{23}** The district court erred in granting Defendant's motion to dismiss the State's Second Motion to revoke Defendant's probation. Because Rule 5-203(A) does not apply to probation revocation proceedings, the district court did not deny the State's Second Motion on the merits, and due process does not compel dismissal of the Second Motion in this case, we reverse and remand for further proceedings consistent with this opinion.

**{24}   IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**JENNIFER L. ATTREP, Judge**