This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38193

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**RONALD W. TORRES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Daniel A. Bryant, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Gregory B. Dawkins, Assistant Appellant Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant's motion for rehearing is granted. The memorandum opinion filed in this case on October 8, 2020, is hereby withdrawn, and this opinion is substituted in its place.

**{2}** Defendant appeals from the revocation of his probation. This Court issued a calendar notice proposing to affirm. Defendant filed a memorandum in opposition, which this Court has duly considered. Unpersuaded, we affirm.

**{3}** Defendant contends that the district court abused its discretion in finding a violation of Defendant's probation where the revocation hearing did not occur within the time frame established in Rule 5-805(H) NMRA, which provides: "[T]he adjudicatory hearing shall commence no later than sixty (60) days after the initial hearing is concluded." It appears undisputed that the adjudicatory hearing in this case did not take place within this time frame because the district court twice continued the hearing when the State failed to secure Defendant's appearance from federal custody. Defendant relied on *State v. Montoya*, 2011-NMCA-009, 149 N.M. 242, 247 P.3d 1127, to argue that dismissal was appropriate.

**{4}** In this Court's calendar notice, we pointed out that *Montoya* was distinguishable, and that Rule 5-805 had been amended to make dismissal discretionary. *See* Rule 5-805(L) ("[T]he court may dismiss the motion to revoke probation for violating any of the time limits in this rule."). Defendant acknowledges that discretion, but now argues it is impossible to know whether the district court abused its discretion without specific findings explaining its rationale. [MIO 3] In this regard, Defendant asserts that the State's failure to secure his appearance does not constitute good grounds, but he cites no relevant authority for his contention. [MIO 4] *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists.").

**{5}** We recognize that "[t]he failure of the trial judge to exercise his discretion is, in itself, reversible error." *Sandoval v. Chrysler Corp.*, 1998-NMCA-085, ¶ 12, 125 N.M. 292, 960 P.2d 834. However, by determining that "good grounds exist" for allowing the adjudicatory hearing to proceed despite a violation of the time limit due, in part, to the State's failure to secure Defendant's presence, the district court actually exercised its discretion. [RP 390] Consequently, we cannot conclude that the district court's decision was without reason. *See State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 ("An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." (internal quotation marks and citations omitted)). Absent evidence in the record demonstrating that the State intentionally disavowed requests to secure Defendant's appearance, there is no basis before us on which to conclude that the district court abused its discretion. *See id.*

**{6}** To the extent Defendant argues that the rules applicable in magistrate court (Rule 6-506 NMRA requires exceptional circumstances) and juvenile court (Rule 10-243 NMRA requires good cause shown)—where the stakes are not as high as they are in a felony probation revocation proceeding—require more than does Rule 5-805, we adhere to the plain language of the rule at issue. *See State v. Miller*, 2008-NMCA-048, ¶ 11, 143 N.M. 777, 182 P.3d 158 ("We apply the same rules of construction to procedural rules adopted by the Supreme Court as we do to statutes."). Rule 5-805(L) expressly provides the district court authority to exercise its discretion to dismiss the State's motion. [MIO 4-5]

**{7}** Defendant cites no persuasive authority, and we have found none, to support Defendant's interpretation of Rule 5-805. *See State v. Wilson*, 1994-NMSC-009, ¶¶ 4-6, 116 N.M. 793, 867 P.2d 1175 (holding that Court of Appeals has authority to "amend, modify, or abolish" erroneous jury instructions if the Supreme Court has not yet considered a challenge to the jury instruction in an actual case and ruled on it); *Gallegos v. Southwest Cmty. Health Servs.*, 1994-NMCA-037, ¶ 11, 117 N.M. 481, 872 P.2d 899 (extending *Wilson* to apply "to all rules promulgated by our Supreme Court"). We therefore conclude that the district court did not abuse its discretion by denying Defendant's motion to dismiss and moving forward with the probation proceedings.

**{8}** Accordingly, for the reasons stated above and in this Court's notice of proposed disposition, we affirm.

**{9}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**MEGAN P. DUFFY, Judge**