2008-NMCA-088

187 P.3d 692

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**John GROSSETETE, Defendant–Appellee.**

No. 26,380.

Court of Appeals of New Mexico.

March 31, 2008.

Certiorari Denied, No. 31,072, May 22, 2008.

Gary K. King, Attorney General, Santa Fe, NM, M. Victoria Wilson, Assistant Attorney General, Albuquerque, NM, for Appellant.

John Bigelow, Chief Public Defender, Will O'Connell, Assistant Appellate Defender, Santa Fe, NM, for Appellee.

## OPINION

SUTIN, Chief Judge.

{1} The State appeals the district court's order denying and dismissing its petition to revoke Defendant John Grossetete's probation. We directed the parties to file supplemental briefs regarding the State's right to appeal in this case. We hold that the order appealed from does not fall under NMSA

1978, § 39–3–3(B) (1972), and is not a disposition contrary to law. *See State v. Horton,* 2008–NMCA–061, ¶¶ 1, 2, 9, 22, 144 N.M. 71, 183 P.3d 956 (analyzing whether the State had asserted a constitutional right to appeal a disposition contrary to law); *State v. Santillanes,* 96 N.M. 482, 485–86, 632 P.2d 359, 362–63 (Ct.App.1980) (holding that in addition to statutory appeals, the State has a constitutional right to appeal a disposition contrary to law), *rev'd in part on other grounds,* 96 N.M. 477, 632 P.2d 354 (1981). We dismiss the appeal for the reasons discussed in this opinion.

## BACKGROUND

{2} Defendant was convicted in 1998 of armed robbery and incarcerated. In 2001, he pled guilty to possession of heroin, was sentenced to eighteen months incarceration with one year of parole, and was ordered to serve the sentence consecutively to the 1998 sentence. This sentence provided a condition that if Defendant completed a certain program, the sentence would be amended to a suspended sentence. In February 2004, the district court amended Defendant's judgment and sentence. Defendant's sentence of eighteen months was suspended and a probationary period of eighteen months with conditions was imposed to run concurrent to the parole term from the 1998 conviction. In July 2005, the State filed a petition to revoke probation (the petition), alleging that Defendant had violated the probation imposed by the 2004 amended judgment and sentence.

{3} Early in the hearing on the petition, Defendant argued that the probationary period was not scheduled to begin until August 2009 and that the district court had no jurisdiction to revoke probation that had not yet begun. Defendant acknowledged that *State v. Martinez,* 108 N.M. 604, 607, 775 P.2d 1321, 1324 (Ct.App.1989), is in direct opposition to his position, but was hopeful that this Court would reconsider *Martinez.* The district court "adjourned the hearing to determine whether [it] could, or should, find a probation violation," where the probationary period was not scheduled to begin until 2009. The State urged the district court "to exercise its jurisdiction to hear the petition to revoke probation." The court thereafter en-

tered its order denying and dismissing the petition, from which the State appealed. We asked the parties to submit briefs on the question of the State's right to appeal. The State argues that it has both a constitutional right and a statutory right to appeal the decision of the district court.

## DISCUSSION

{4} The State may appeal a decision in a criminal case only when the right to appeal is granted by constitutional provision or by statute. *State v. Heinsen*, 2005-NMSC–035, ¶ 7, 138 N.M. 441, 121 P.3d 1040. Under Article VI, Section 2 of the New Mexico Constitution, the State, being a party to every criminal proceeding in the district court, is an aggrieved party if it makes a valid claim that the district court's disposition is contrary to law. *Santillanes*, 96 N.M. at 486, 632 P.2d at 363. Under Section 39-3-3(B), the State may appeal from "a decision, judgment or order dismissing a complaint, indictment or information as to any one or more counts" or from "a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property." The State "does not have an absolute right to appeal in every situation in which it may feel aggrieved by a trial court's ruling," although we do not foreclose review of a decision that affects a particularly important state interest. *State v. Aguilar*, 95 N.M. 578, 579, 624 P.2d 520, 521 (1981) (internal quotation marks omitted).

### Constitutional Right of Appeal

{5} In considering whether the State has a constitutional right to appeal, we look at whether the district court's disposition was contrary to law. *Horton*, 2008-NMCA–061, ¶ 1, 144 N.M. 71, 183 P.3d 956. The State claims that the district court abused its discretion in dismissing the petition because under *Martinez*, 108 N.M. at 607, 775 P.2d at 1324, the court had jurisdiction to revoke probation even though the probation term had not yet commenced when the petition was filed. In addition, the State argues that the court could not have made a decision based on the merits of the petition because the court refused to allow the State to present its evidence.

{6} The petition was based on reports in the court file by Defendant's probation officers. According to the reports, Defendant's urine tested positive for opiates and he admitted consuming heroin. At that time, Defendant was placed into an intensive supervision program for treatment. Defendant was terminated from the program for failure to comply with the rules, was found to be in possession of crack cocaine, and failed to submit a urine sample for testing. In addition, the information in the reports indicates that Defendant was maintaining forbidden contact with inmates.

{7} In making its decision, the district court had before it all of the information in the reports filed by Defendant's probation officers, including Defendant's admissions that he consumed heroin and received telephone calls from inmates. Defendant did not contest this evidence, and the State did not request an additional opportunity to present more evidence. The fact that the district court heard no further evidence at the hearing does not mean that the court's decision was based on anything other than the merits.

{8} The court in fact stated in its order that it considered "the law and facts in this case" in determining that it had jurisdiction to revoke Defendant's probation. The court's order stated that "under the circumstances of this case" it declined to revoke probation, and the court denied the petition and dismissed it. Thus, the order indicates that the court considered what was presented in favor of revocation, recognized that it had jurisdiction to revoke Defendant's probation, but exercised its discretionary authority to deny and dismiss the State's petition.

{9} To the extent that the State claims that the district court was required by NMSA 1978, § 31–21–15(B) (1989), to hold a more complete hearing before issuing its decision, we note that the statute provides that the hearing the district court is required to hold may be informal, and if a violation is established, the court has a number of options, including the continuation of the original probation. *Id.* Here, the court had before it unchallenged allegations that Defendant violated his probation, and the court chose the option of continuing Defen-

dant's original probation. There is no indication that the State had more information to add to that already before the district court or that any additional information would have produced a different result.

{10} The primary purpose of probation is rehabilitation, and the district court has wide discretionary authority to monitor a defendant's compliance with conditions of probation while considering the goal of rehabilitation. *See State v. Lopez*, 2007–NMSC–011, ¶ 12, 141 N.M. 293, 154 P.3d 668. Based on the circumstances of this case, we cannot say that the district court abused its discretion in deciding that the petition should be denied and dismissed. Considering that the main goal of probation is rehabilitation and Defendant's probationary period would not begin for over four years, it was within the district court's discretion and authority to decide that the probation should not be revoked, even if there was sufficient evidence to support the petition. Because the district court acted within its discretionary authority, the disposition was not contrary to law. *See Horton*, 2008–NMCA–061, ¶ 7, 144 N.M. 71, 183 P.3d 956 (citing to *State ex rel. State Highway Dep't v. Strosnider*, 106 N.M. 608, 612, 747 P.2d 254, 258 (Ct.App.1987), for the proposition that this Court will not reverse a decision that is correct under any reasonable view of the facts and law). We hold that the State does not have a constitutional right to appeal in this case.

**Statutory Right of Appeal**

{11} The State argues that the district court's order of dismissal "effectuated a dismissal, not a denial" of the petition. The State explains that a denial would have involved a complete hearing and factual findings, without which the district court could not have considered "other circumstances relevant to its decision" and could not deny the petition. The State therefore claims that it has a statutory right to appeal the "dismissal of the petition" under Section 39–3–3(B)(1), which provides that the State may appeal from "a decision, judgment or order dismissing a complaint, indictment or information as to any one or more counts." The State also points to the fact that the Legislature listed three specific charging documents in the statute which, according to the State, shows that the Legislature intended to "establish the State's right to appeal dismissal" of "an action the State is entitled by law to initiate." In other words, the State contends that because it is entitled to initiate revocation proceedings, it is also entitled to appeal the dismissal of such a proceeding.

{12} Initially, we point out that the district court's order specifically denies the petition and orders that the original probation be continued, which is precisely what the statute allows the district court to do when faced with a petition to revoke probation. *See* § 31–21–15(B). Further, we see nothing in any rule, statute, or case that supports the State's argument. The petition is nothing more than a request that the court act pursuant to Section 31–21–15(B). No statute, rule, or case law presented to us characterizes such a request as a complaint, indictment, or information in a criminal proceeding. The State offers no rationale to support its position other than arguing that the petition is like a charging document because it initiates a proceeding—a rationale we find unpersuasive. We therefore disagree with the State's argument that the Legislature intended to include revocation proceedings under Section 39–3–3.

{13} Section 39–3–3 identifies the particular situations where the State is permitted to file "ordinary and interlocutory appeals." *Santillanes*, 96 N.M. at 486, 632 P.2d at 363. The language of Section 39–3–3 sets out the particular and limited situations in which the State has a statutory right to appeal a decision in a criminal case. We look to the statute's plain language as to the "primary indicator of legislative intent," and if the language is clear, we read the statute according to its ordinary meaning and we "refrain from further interpretation." *Clark v. Lovelace Health Sys., Inc.*, 2004–NMCA–119, ¶ 11, 136 N.M. 411, 99 P.3d 232 (internal quotation marks and citation omitted); *see also State v. Jonathan M.*, 109 N.M. 789, 790, 791 P.2d 64, 65 (1990) ("When a statute contains language which is clear and unambiguous, [the appellate courts] must give effect to that language and refrain from fur-

ther statutory interpretation."). Based on the plain and ordinary meaning of the language of Section 39–3–3, the State has no statutory right to appeal in this case.

## Other Issues

{14} In his supplemental brief, Defendant argues that the appeal should be dismissed because the order entered by the district court is not final. As discussed earlier, we dismiss this case because the State has no right to appeal. Therefore, we need not address Defendant's argument for dismissal on finality grounds.

## CONCLUSION

{15} The disposition of the district court was within its discretionary authority and is not contrary to law. Therefore, the State does not have a constitutional right to appeal that decision. Furthermore, the decision of the district court does not fall within the language of Section 39–3–3(B), and therefore the State does not have a statutory right to appeal the decision. We dismiss the State's appeal.

{16} **IT IS SO ORDERED.**

WE CONCUR: LYNN PICKARD and CYNTHIA A. FRY, Judges.