This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                    **NO. 35,918**

**FABIAN ELIAS GONZALES,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Michael E. Martinez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     The State sought to appeal from an order by the district court entitled "order

Denying State's Motion to Declare Defendant a Fugitive." [MIO 4; DS 5; RP 105] We previously issued a notice of proposed summary disposition in which we proposed to dismiss. The State has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded, we dismiss.

{2}     Our notice observed that the State did not have either a statutory or constitutional right to appeal from this order. The State does not dispute the lack of a statutory right to appeal, but argues that it has a constitutional right to appeal in this case. As our notice explained, Article VI, Section 2 of the New Mexico Constitution "provide[s] that an aggrieved party shall have an absolute right to one appeal." *See State v. Armijo*, 1994-NMCA-136, ¶ 7, 118 N.M. 802, 887 P.2d 1269 ("[R]ecogniz[ing] the State's constitutional right to appeal even in circumstances not encompassed by [NMSA 1978,] Section 39-3-3(B) [(1972)]."). In *State v. Heinsen*, our Supreme Court reiterated that this right is a narrow one, explaining that "[w]hile the [s]tate does not have an absolute right to appeal every adverse ruling immediately, appellate courts have jurisdiction to review a ruling pursuant to this provision when the ruling affects a particularly important state interest." 2005-NMSC-035, ¶ 9, 138 N.M. 441, 121 P.3d 1040.

{3}     Our notice further observed that in the context of an alleged probation violation, which is analogous to the situation presented in the instant case, this Court held that

2

"[o]ur jurisdiction depends on the merits of the state's argument on appeal; if, after examining the state's argument, we determine that the district court's disposition is not contrary to law, we will dismiss the appeal." *State v. Montoya*, 2011-NMCA-009, ¶ 5, 149 N.M. 242, 247 P.3d 1127; *see id.* ¶ 6 (explaining, in the context of a district court's dismissal of the state's motion to revoke probation, that where the district court did not consider the merits of the case and based its decision solely on application of a rule, "[t]he district court acted as a matter of law").

{4}     The State argues that it has a constitutional right to appeal from the district court's order in this case for two reasons: first, that the decision it seeks to appeal is contrary to law pursuant to NMSA 1978, Section 31-21-15(C) (2016), [MIO 12] and second, because the appeal "impact[s] the State's strong interest in enforcing its sentencing laws, including laws governing probation." [MIO 13]

{5}     We first address the State's argument that the district court's ruling was not discretionary, but contrary to law. [MIO 12–13] The State argues that "in claiming that the district court incorrectly interpreted and applied Section 31-21-15(C) in denying the State's motion to declare Defendant a fugitive, the State's appeal raises a claim that the dismissal was contrary to law—a claim the State has a constitutional right to raise on appeal." [MIO 13] Relevant to this, the State further argues that the this case is different from the situation presented in *State v. Grossetete*, where this

3

Court held that because the district court considered the law and facts of the case before exercising its discretionary authority to deny and dismiss the State's petition to revoke the defendant's probation, the State did not have a constitutional right to appeal. 2008-NMCA-088, ¶¶ 8, 10, 144 N.M. 346, 187 P.3d 692; *see id.* ¶ 10 (stating that where "the district court acted within its discretionary authority, the disposition was not contrary to law"). [MIO 15]

{6} Our case law has explained that an appellate court must review a district court's decision with respect to a defendant's fugitive status for substantial evidence. *State v. Jimenez*, 2004-NMSC-012, ¶ 14, 135 N.M. 442, 90 P.3d 461. Our case law sets forth the applicable test: "[a] defendant is entitled to credit for any time on probation, unless the [s]tate can show either (1) it unsuccessfully attempted to serve the warrant on the defendant or (2) any attempt to serve the defendant would have been futile." *State v. Neal*, 2007-NMCA-086, ¶ 30, 142 N.M. 487, 167 P.3d 935 (internal quotation marks and citation omitted). Whether or not the State made the requisite showing pursuant to this test is a factual, not legal, determination. We disagree that the resolution of the merits of this appeal centers around the interpretation of Section 31-21-15(C); rather, the resolution of the merits of the appeal depends on whether there was sufficient evidence to uphold the district court's factual determination of whether the State made the requisite showing that Defendant was a fugitive.

**{7}** We turn next to the State's contention that it has a right to appeal in this case because the appeal "impact[s] the State's strong interest in enforcing its sentencing laws, including laws governing probation." [MIO 13] The State points us to several cases that it argues are analogous to the present situation, in support of its contention that the State's interest in the present case rises to such a level that a constitutional right to appeal is merited. *See Armijo*, 1994-NMCA-136, ¶ 8 (explaining that the disqualification of the Attorney General from prosecuting the defendant was "a matter of grave importance" and holding that the State had a constitutional right to appeal in that case); *State v. Abril*, 2003-NMCA-111, ¶ 22, 134 N.M. 326, 76 P.3d 644 (holding that the State had a constitutional right to appeal where the district court erroneously omitted a finding that the defendant had been convicted of a serious violent offense, which had the effect of unlawfully reducing the length of the defendant's sentence), *overruled in part on other grounds by State v. Torres*, 2012-NMCA-026, ¶ 38, 272 P.3d 689; *State v. Davis*, 1982-NMCA-057, ¶ 3, 97 N.M. 745, 643 P.2d 614 (holding that the State had the right to appeal where the district court entered a judgment of acquittal after a guilty jury verdict, contrary to the rules of criminal procedure). [MIO 9–12]

**{8}** We remain unpersuaded. As our notice observed, [CN 3–4] the instant situation is much more analogous to an alleged probation violation. The district court found that

5

the State never issued a bench warrant or made any efforts to locate Defendant, [RP 105] and applied our existing case law to determine that Defendant was not a fugitive. The State argues that "*Jimenez* cannot mean to go as far as this and reward Defendant for completely failing to honor his court-mandated probation." [MIO 20] *See Jimenez*, 2004-NMSC-012, ¶ 14. *Jimenez* is a decision of our Supreme Court, and we therefore decline the State's invitation to revisit its holding. *See State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶ 20, 135 N.M. 375, 89 P.3d 47 (stating that the Court of Appeals is bound by Supreme Court precedent). Because the district court considered the factual circumstances of this case and exercised its discretion in finding that the State failed to meet its burden to demonstrate that Defendant was a fugitive, we do not see how this appeal impacts the State's interest in enforcing its statutes governing sentencing and probation to such an extent that would merit a constitutional right to appeal. *See Grossetete*, 2008-NMCA-088, ¶ 10.

{9}     In sum, for the reasons set forth above and in our notice of proposed summary disposition, we dismiss.

{10}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

6

**JAMES J. WECHSLER, Judge**

_____

**M. MONICA ZAMORA, Judge**