This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-36866

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**TYLER JAMES SERRANO,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa A. Hart, District Judge**

Hector H. Balderas, Attorney General
Anita Carson, Assistant Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
John Bennett, Appellate Defender
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** The State appeals the district court's order sanctioning the State for violating its discovery obligations under Rule 5-409(F)(2) NMRA. We dismiss for lack of jurisdiction.

## BACKGROUND

**{2}** After filing a criminal complaint against Defendant Tyler Serrano, the State filed a motion for pretrial detention under Rule 5-409. Finding the State failed to comply with its

discovery obligations under the rule, the district court sanctioned the State in the amount of $500. This appeal followed.

**{3}** Because this is a memorandum opinion and the parties are familiar with the facts and procedural background, we reserve discussion of the pertinent facts within the context of the State's arguments.

## DISCUSSION

**{4}** As a threshold matter, we must first resolve the question of whether we have jurisdiction to hear the State's appeal challenging the district court's sanction. The State does not argue we have jurisdiction to hear its appeal under its right to appeal by statute or rule. *See State v. Heinsen*, 2005-NMSC-035, ¶ 7, 138 N.M. 441, 121 P.3d 1040 ("The [s]tate's right to appeal an adverse ruling in a criminal proceeding exists only by constitutional provision, statute, or rule."). Rather, the State argues it has a constitutional right to appeal the district court's sanction order. "In considering whether the [s]tate has a constitutional right to appeal, we look at whether the district court's disposition was contrary to law." *State v. Grossetete*, 2008-NMCA-088, ¶ 5, 144 N.M. 346, 187 P.3d 692. "[A]s a practical matter, we must decide the merits of the issues the [s]tate raises in order to determine if it has a constitutional right to appeal." *State v. Horton*, 2008-NMCA-061, ¶ 1, 144 N.M. 71, 183 P.3d 956.

**{5}** The State argues the district court's sanction order was "contrary to law" because: (1) the district court misinterpreted the scope of the State's discovery obligations under Rule 5-409(F)(2); and (2) although the district court sanctioned the State under its inherent power to sanction, it provided insufficient notice for the subsequent sanction and erred in imposing a monetary sanction without making findings regarding bad faith, prejudice, or its consideration of less severe alternatives. We address both arguments in turn to determine whether the State has a constitutional right to appeal.

### Standard of Review

**{6}** "[District] courts possess broad discretionary authority to decide what sanction to impose when a discovery order is violated." *State v. Le Mier*, 2017-NMSC-017, ¶ 22, 394 P.3d 959. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." *Id.* (internal quotation marks and citation omitted). Additionally, "we may characterize as an abuse of discretion a discretionary decision that is premised on a misapprehension of the law." *Harrison v. Bd. of Regents of Univ. of N.M.*, 2013-NMCA-105, ¶ 14, 311 P.3d 1236 (internal quotation marks and citation omitted). When the district court acts within its discretionary authority, its disposition is not contrary to law. *Grossetete*, 2008-NMCA-088, ¶ 10.

### The District Court Did Not Misinterpret the Scope of Rule 5-409(F)(2)

**{7}** The State first argues the district court's sanction order was contrary to law because it misinterpreted the scope of Rule 5-409(F)(2). We note that although the State appears, at times, to limit its argument to an interpretation predicated on the 2019 version of Rule 5-409(F)(2), the district court considered the State's pretrial detention motion well before the 2019 amendments came into effect. *Compare* Supreme Court Order No. 17-8300-005 (2017) (adopting Rule 5-409 "effective for all cases pending or filed on or after July 1, 2017"), *with* Supreme Court Order No. 18-8300-024 (2018) (amending Rule 5-409 "effective for all cases pending or filed on or after February 1, 2019"). We therefore review the district court's order under the 2017 version of Rule 5-409(F)(2).

**{8}** Rule 5-409(F)(2) (2017) provided that "[a]t least twenty-four (24) hours before the hearing, the prosecutor shall provide the defendant with *all evidence relating to the motion for pretrial detention* that is in the possession of the prosecutor or is reasonably available to the prosecutor." (Emphasis added.)[1] Further, the rule required the State to disclose "[a]ll exculpatory evidence known to the prosecutor[.]" *Id.*

**{9}** In its pretrial detention motion, the State noted Defendant's criminal history, referenced surveillance video of the incident, and mentioned that there are "cooperative victims who are willing to testify against . . . Defendant." Additionally, the State provided, with the motion, a warrant and criminal complaint for the current charge, a public safety assessment of Defendant, and a booking sheet from the Bernalillo County Detention Center showing his current charge. In the criminal complaint, the affiant police officer mentioned his use of video surveillance as well as Motor Vehicle Division (MVD), and booking photos to identify Defendant. After the State filed its pretrial detention motion, the district court entered a discovery order directing the State to disclose "all evidence relating to the [m]otion for [p]retrial [d]etention that is in the possession of the prosecution or is reasonably available to the prosecution, including that evidence in the possession of law enforcement that is reasonably available to the prosecution." The district court further ordered that "[a]ll exculpatory evidence known to the prosecutor must be disclosed[,]" that these disclosures "must be provided at least twenty-four (24) hours before the [pretrial detention] hearing[,]" and that "[t]he failure to comply with this [o]rder may result in sanctions." After the district court entered its discovery order, the State provided Defendant with criminal complaints for several past offenses.

**{10}** During the hearing on the State's pretrial detention motion, defense counsel explained that he did not receive the discovery until the morning of the hearing because the State sent it to the wrong attorney in defense counsel's office, and that the State had still not provided a police report, surveillance video, or witness statements. The State acknowledged that it had provided only criminal complaints to Defendant. However, the State explained that it intended to rely solely upon the complaints, which defense counsel had "equal access" to online. The State further explained that although it referenced the video surveillance in its pretrial detention motion, it did not have video evidence in its possession and was not presenting such evidence during the hearing.

---

1The current version limits the State's disclosure obligations to *"all evidence that the prosecutor intends to rely on at the hearing"* at least twenty-four hours prior to the hearing. Rule 5-409(F)(2)(a)(i), (b) (emphasis added).

The district court sanctioned the State for failing to comply with its discovery obligations, noting that the State did not disclose the surveillance video referred to in its motion nor present witness statements at the hearing, despite its assertion that "cooperative victims" were willing to testify.

{11}   Following the hearing, the State provided a surveillance video and photographs of Defendant, and filed a motion to reconsider the district court's sanction order. In its order denying the State's motion to reconsider, the district court concluded that notwithstanding the State's intent to rely solely upon the criminal complaints during the hearing, it was obligated to provide video surveillance, photographs, and witness statements prior to the hearing, as they were "relied upon and referenced" in the State's pretrial detention motion and the attached criminal complaint. Further, the district court noted that "it is still not clear that the State has produced all photographs and surveillance video related to this case." Accordingly, the district court denied the State's motion to reconsider.

{12}   Based on the circumstances of this case, we cannot conclude that the district court's sanction order was an abuse of its discretion. Although the State indicated it intended to rely solely upon the criminal complaints at the hearing, the district court required the timely provision of evidence referenced in the pretrial detention motion. *See* Rule 5-409(F)(2) (2017) (requiring the State to provide "all evidence *relating to the motion for pretrial detention* that is in the possession of the prosecutor or is reasonably available to the prosecutor" *at least twenty-four hours before* the pretrial detention hearing (emphasis added)). Accordingly, we conclude the district court's sanction order was not contrary to law. *See Grossetete*, 2008-NMCA-088, ¶ 10 (explaining that a disposition is not contrary to law when "the district court acted within its discretionary authority").

**The District Court Did Not Err in Imposing a Monetary Sanction**

{13}   Having concluded the district court's interpretation of the State's discovery obligations under Rule 5-409(F)(2) (2017) was not contrary to law, we now turn to whether the district court's monetary sanction was contrary to law. As the State notes, Rule 5-409 does not provide for sanctions for violations of its discovery requirements. Nevertheless, the district court retains inherent authority to "sanction parties and attorneys to ensure compliance with the proceedings of the court." *Harrison*, 2013-NMCA-105, ¶ 15 (internal quotation marks and citation omitted); *In re Jade G.*, 2001-NMCA-058, ¶ 27, 130 N.M. 687, 30 P.3d 376 (explaining that "even though specific judicial authority is not delineated by statute, or stated in a rule of court, a court may exercise authority that is essential to the court's fulfilling its judicial functions[, and that] [t]his authority embraces the ability of a court to control its docket and the proceedings before it").

{14}   The State first argues the district court's discovery order provided insufficient notice that sanctions would be imposed based on its interpretation of the scope of  Rule 5-409(F)(2) (2017). However, the State relies on Rule 5-112 NMRA, which provides

procedural requirements before imposing sanctions for *criminal contempt of court*. (Emphasis added.) As the State neither argues the district court's sanction rose to the level of a punishment for criminal contempt of court, nor cites authority supporting its argument that Rule 5-112's procedural requirements apply outside the context of criminal contempt sanctions, we decline to review this argument further. *See State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031 (explaining that appellate courts do not review unclear or undeveloped arguments, and that where a party cites to no supporting authority, we assume none exists).

**{15}** Next, the State argues the district court was obligated, but failed, to consider whether the State's failure to comply with the discovery order was willful or in bad faith, whether it was prejudicial, and whether there were less severe sanctions. Our Supreme Court has recognized that district courts have the inherent authority "to avail themselves of, and impose, meaningful sanctions where discovery orders are not obeyed and a party's conduct injects needless delay into the proceedings." *Le Mier*, 2017-NMSC-017, ¶ 16 (citing *State ex rel. N.M. State Highway & Transp. Dep't v. Baca*, 1995-NMSC-033, ¶ 11, 120 N.M. 1, 896 P.2d 1148). When a district court imposes sanctions for discovery violations, it must evaluate culpability, prejudice, and lesser sanctions and must explain its decision. *Le Mier*, 2017-NMSC-017, ¶ 20. However, the *Le Mier* Court clarified that to justify a district court's sanction, these considerations need not all weigh in favor of the sanction. *Id.*

**{16}** Here, the district court appropriately weighed the State's culpability, finding that "[t]he [s]tate failed to adequately provide discovery in advance of the hearing, as was required by the [district c]ourt's [d]iscovery [o]rder[,]" and that the State "demonstrated a gross indifference to [its] discovery obligation[.]" *See id.* ¶ 24 (concluding that the "a single violation of a discovery order may suffice to support a finding of culpability"). The district court also considered whether the State's conduct prejudiced Defendant because defense counsel did not timely receive the discovery. *See id.* ¶ 25 (concluding that the defendant was prejudiced after the state's failure to comply with the district court's discovery order caused the court to reset trial, thereby "needlessly delaying [the defendant's] proverbial 'day in court' "). Finally, the district court evaluated whether the sanction imposed was the least severe sanction. The district court is not "obligated to consider every conceivable lesser sanction[,]" but must instead "fashion the least severe sanction that best fit the situation *and* which accomplished the desired result." *Id.* ¶ 27. The district court met its obligation when it imposed a monetary sanction rather than the dismissal sought by Defendant. *See id.* ¶ 29 (holding that a sanction is the least severe sanction in the light of the circumstances when "the district court responded to [a] specific violation at issue with a sanction tailored to fit that violation"). We therefore conclude the district court did not abuse its discretion in imposing the monetary sanction against the State.

**{17}** The State cites *Baca* for the proposition that the district court was required to find the State willfully violated its discovery obligation and/or did so in bad faith. 1995-NMSC-033, ¶ 12. However, the State's reliance is misplaced, as *Baca* required such findings when awarding *attorney fees* as a sanction. *See id.* (holding that a court may

"award attorney[] fees as a sanction for bad faith or vexatious litigation or for defiance of a court order"). As the State has failed to cite authority requiring such findings outside the context of awarding attorney fees as a sanction, we assume no such authority exists, and we decline to review this argument further. *See Fernandez v. Farmers Ins. Co. of Ariz.*, 1993-NMSC-035, ¶ 15, 115 N.M. 622, 857 P.2d 22 ("The general rule is that cases are not authority for propositions not considered." (internal quotation marks and citation omitted)); *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("We assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority. We therefore will not do this research for counsel. Issues raised in appellate briefs which are unsupported by cited authority will not be reviewed by us on appeal." (citation omitted)). Accordingly, we conclude the district court's order was not a disposition contrary to law, and therefore the State does not have a constitutional right to appeal.

**CONCLUSION**

**{18}** Because the district court's sanction order was not a disposition contrary to law, we dismiss the State's appeal for lack of jurisdiction. *See Grossetete*, 2008-NMCA-088, ¶ 15 (dismissing the state's appeal because the district court's order was not contrary to law and thus the state did not have a constitutional right to appeal).

**{19}    IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Judge**

**JACQUELINE R. MEDINA, Judge**