This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-36861**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellant,

v.

**STEVEN PADILLA,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett R. Loveless, District Judge**

Hector H. Balderas, Attorney General
Anita Carlson, Assistant Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
C. David Henderson, Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}** The State appeals the district court's order sanctioning the State for violating its discovery obligations under Rule 5-409(F)(2) NMRA, as well as its order releasing Defendant from custody without making a determination of whether there were "no release conditions [that] will reasonably protect the safety of any other person or the community[,]" as required under Rule 5-409(G). We dismiss for lack of jurisdiction and timeliness.

**BACKGROUND**

**{2}**     After filing a criminal complaint against Defendant Steven Padilla, the State filed a motion for pretrial detention under Rule 5-409(G). Finding the State failed to comply with its discovery obligations under the rule, the district court sanctioned the State in the amount of $250. This appeal followed.

**{3}**     Because this is a memorandum opinion and the parties are familiar with the facts and procedural background, we reserve discussion of the pertinent facts within the context of the State's arguments.

**DISCUSSION**

**{4}**     As a threshold matter, we must first resolve the question of whether we have jurisdiction to hear the State's appeal challenging the district court's sanction and release orders. The State does not argue we have jurisdiction to hear its appeal under its right to appeal by statute or rule. *See State v. Heinsen*, 2005-NMSC-035, ¶ 7, 138 N.M. 441, 121 P.3d 1040 ("The [s]tate's right to appeal an adverse ruling in a criminal proceeding exists only by constitutional provision, statute, or rule."). Rather, the State argues it has a constitutional right to appeal the district court's orders. "In considering whether the [s]tate has a constitutional right to appeal, we look at whether the district court's disposition was contrary to law." *State v. Grossetete*, 2008-NMCA-088, ¶ 5, 144 N.M. 346, 187 P.3d 692. "[A]s a practical matter, we must decide the merits of the issues the [s]tate raises in order to determine if it has a constitutional right to appeal." *State v. Horton*, 2008-NMCA-061, ¶ 1, 144 N.M. 71, 183 P.3d 956.

**{5}**     The State argues the district court's sanction order was "contrary to law" because: (1) the district court misinterpreted the scope of the State's discovery obligations under Rule 5-409(F)(2); and (2) although the district court sanctioned the State under its inherent power to sanction, it provided insufficient notice for the subsequent sanction and erred in imposing a monetary sanction without making findings regarding bad faith, prejudice, or its consideration of less severe alternatives. Further, the State argues the district court's release order was "contrary to law" because the district court failed to make a determination of whether there were release conditions that would reasonably protect the safety of any other person or the community. We address each argument in turn to determine whether the State has a constitutional right to appeal.

**Standard of Review**

**{6}**     "[District] courts possess broad discretionary authority to decide what sanction to impose when a discovery order is violated." *State v. Le Mier*, 2017-NMSC-017, ¶ 22, 394 P.3d 959. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." *Id.* (internal quotation marks and citation omitted). Additionally, "we may characterize as an abuse of discretion a discretionary decision that is premised on a misapprehension of the law." *Harrison v.*

*Bd. of Regents of Univ. of N.M.*, 2013-NMCA-105, ¶ 14, 311 P.3d 1236 (internal quotation marks and citation omitted). When the district court acts within its discretionary authority, its disposition is not contrary to law. *Grossetete*, 2008-NMCA-088, ¶ 10.

**The District Court Did Not Misinterpret the Scope of Rule 5-409(F)(2)**

**{7}** The State first argues the district court's sanction order was contrary to law because it misinterpreted the scope of Rule 5-409(F)(2). We note that although the State appears to limit its argument to an interpretation predicated on the 2019 version of Rule 5-409(F)(2), the district court considered the State's pretrial detention motion well before the 2019 amendments came into effect. *Compare* Supreme Court Order No. 17-8300-005 (2017) (adopting Rule 5-409 "effective for all cases pending or filed on or after July 1, 2017"), *with* Supreme Court Order No. 18-8300-024 (2018) (amending Rule 5-409 "effective for all cases pending or filed on or after February 1, 2019"). We therefore review the district court's order under the 2017 version of Rule 5-409(F)(2) NMRA (2017).

**{8}** Rule 5-409(F)(2) (2017) provided that "[a]t least twenty-four (24) hours before the hearing, the prosecutor shall provide the defendant with *all evidence relating to the motion for pretrial detention* that is in the possession of the prosecutor or is reasonably available to the prosecutor." (Emphasis added.)[1] Further, the rule required the State to disclose "[a]ll exculpatory evidence known to the prosecutor[.]" *Id.*

**{9}** When the State filed its pretrial detention motion, it noted Defendant's prior convictions and provided, with the motion, the criminal complaint for the current charges, a public safety assessment of Defendant, and a booking sheet from the Bernalillo County Detention Center. In the criminal complaint, the affiant police officer mentioned that the victim filled out a written statement, which was "attached to the report." After the State filed its pretrial detention motion, the district court entered a discovery order directing the State to disclose "all evidence relating to the [m]otion for [p]retrial [d]etention that is in the possession or is reasonably available to the prosecution, including that evidence in the possession of law enforcement that is reasonably available to the prosecution." The district court further ordered that "[a]ll exculpatory evidence known to the prosecutor must be disclosed[,]" that these disclosures "must be provided at least twenty-four (24) hours before the [pretrial detention] hearing[,]" and that "[t]he failure to comply with this [o]rder may result in sanctions."

**{10}** During the original hearing on the State's pretrial detention motion, defense counsel indicated the State had not provided any written statements, police reports, or recordings. The State explained that it had provided the evidence it intended to use at the hearing and that its discovery obligations were satisfied. The district court continued the hearing, sanctioned the State, and clarified that the State was required to provide, at

---

1The current version limits the State's disclosure obligations to "*all evidence that the prosecutor intends to rely on at the hearing*" at least twenty-four hours prior to the hearing. Rule 5-409(F)(2)(a)(i), (b) (emphasis added).

a minimum, the police report and written statement referenced in the criminal complaint. The district court noted that it was willing to reconsider the sanction if the State provided "some indication" that the criminal complaint contained the substance of the police report and written statement referenced in the complaint.

**{11}** Shortly before the subsequent hearing, the State provided Defendant with belt tapes, but failed to provide the police report and written statement ordered at the prior hearing. During the rescheduled hearing, the State acknowledged that although it provided additional discovery to Defendant, it would "not be able to contest that [it was] in violation of the [discovery] deadline." The district court denied Defendant's motion to dismiss the State's pretrial detention motion, continued the hearing on the State's motion, and ordered Defendant's release from custody.

**{12}** At the third hearing on the State's motion for pretrial detention, Defendant again indicated the State had failed to provide the police report and written statement mentioned in the criminal complaint. Notwithstanding the State's failure to do so, the district court denied Defendant's motion to dismiss the State's pretrial detention motion, and granted the State's motion.

**{13}** We cannot conclude that the district court's sanction order was an abuse of its discretion under the circumstances. The district court ordered the timely production of evidence that was related to the State's pretrial detention motion, including the evidence referenced in the criminal complaint attached to the motion. *See* Rule 5-409(F)(2) (2017) (requiring the State to provide "all evidence *relating to the motion for pretrial detention* that is in the possession of the prosecutor or is reasonably available to the prosecutor[, a]t least twenty-four (24) hours before the hearing" (emphasis added)). Accordingly, we conclude the district court's sanction order was not contrary to law. *See Grossetete*, 2008-NMCA-088, ¶ 10 (explaining that a disposition is not contrary to law when "the district court acted within its discretionary authority").

**The District Court Did Not Err in Imposing a Monetary Sanction**

**{14}** Having concluded the district court's interpretation of the State's discovery obligations under Rule 5-409(F)(2) (2017) was not contrary to law, we now turn to whether the district court's monetary sanction was contrary to law. As the State notes, Rule 5-409 does not provide for sanctions for violations of its discovery requirements. Nevertheless, the district court retains inherent authority to sanction parties, including public entities, "to ensure compliance with the proceedings of the court." *Harrison*, 2013-NMCA-105, ¶¶ 15, 26; *In re Jade G.*, 2001-NMCA-058, ¶ 27, 130 N.M. 687, 30 P.3d 376 (explaining that "even though specific judicial authority is not delineated by statute, or stated in a rule of court, a court may exercise authority that is essential to the court's fulfilling its judicial functions[, and that] [t]his authority embraces the ability of a court to control its docket and the proceedings before it").

**{15}** The State first argues the district court's discovery order provided insufficient notice that sanctions would be imposed based on its interpretation of the scope of Rule

5-409(F)(2) (2017). However, the State relies on Rule 5-112 NMRA, which provides procedural requirements before imposing sanctions for *criminal contempt of court*. As the State neither argues the district court's sanction rose to the level of a punishment for criminal contempt of court, nor cites authority supporting its argument that Rule 5-112's procedural requirements apply outside the context of criminal contempt sanctions, we decline to review this argument further. *See State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031 (explaining that appellate courts do not review unclear or undeveloped arguments, and that where a party cites to no supporting authority, we assume none exists).

**{16}**    Next, the State argues the district court was obligated, but failed, to consider whether the State's failure to comply with the discovery order was willful or in bad faith, whether it was prejudicial, and whether there were less severe sanctions. Our Supreme Court has recognized that district courts have the inherent authority "to avail themselves of, and impose, meaningful sanctions where discovery orders are not obeyed and a party's conduct injects needless delay into the proceedings." *Le Mier*, 2017-NMSC-017, ¶ 16 (citing *State ex rel. N.M. State Highway & Transp. Dep't v. Baca*, 1995-NMSC-033, ¶ 11, 120 N.M. 1, 896 P.2d 1148). When a district court imposes sanctions for discovery violations, it must evaluate culpability, prejudice, and lesser sanctions and must explain its decision. *Le Mier*, 2017-NMSC-017, ¶ 20. However, the *Le Mier* Court clarified that to justify a district court's sanction, these considerations need not all weigh in favor of the sanction. *Id.*

**{17}**    Here, the district court appropriately weighed the State's culpability, finding that the State "did not provide or attempt to provide the information in a timely fashion." *See id.* ¶ 24 (concluding that the state's repeated failure to comply with the district court's discovery orders was "sufficiently culpable conduct," and that "a single violation of a discovery order may suffice to support a finding of culpability"). The district court also considered whether the State's conduct gave rise to prejudice, explaining that "[t]he untimely disclosure . . . resulted in prejudice to Defendant to adequately prepare for the pretrial detention hearing." *See id.* ¶ 25 (concluding that the defendant was prejudiced after the state's failure to comply with the district court's discovery order caused the court to reset trial, thereby "needlessly delaying [the defendant's] proverbial 'day in court' "). Further, the district court explained that the State's untimely disclosure forced the district court to reschedule the hearing. *See id.* ¶ 26 (concluding that "the [district] court's time was wasted, and this is prejudicial"). Finally, the district court evaluated whether the sanction imposed was the least severe sanction. The district court is not "obligated to consider every conceivable lesser sanction[,]" but must instead "fashion the least severe sanction that best fit the situation *and* which accomplished the desired result." *Id.* ¶ 27. The district court met its obligation when it reset the hearing "to enable the State an opportunity to prove that no conditions will reasonably protect the community and Defendant an opportunity to argue against pretrial detention." *See id.* ¶ 28 (approving of the district court's sanction when it granted the state's continuance request, thus providing "ample opportunity to comply with reasonable and clear orders"). The district court also imposed a monetary sanction against the State, which was a lesser sanction than the dismissal sought by Defendant. *See id.* ¶ 29 (holding that a

sanction is the least severe sanction in light of the circumstances when "the district court responded to [a] specific violation at issue with a sanction tailored to fit that violation"). We therefore conclude the district court did not abuse its discretion in imposing the monetary sanction against the State.

**{18}** The State cites *Baca* for the proposition that the district court was required to find the State willfully violated its discovery obligation and/or did so in bad faith. 1995-NMSC-033, ¶ 12. However, the State's reliance is misplaced, as *Baca* required such findings when awarding *attorney fees* as a sanction. *See id.* (holding that a court may "award attorney[] fees as a sanction for bad faith or vexatious litigation or for defiance of a court order"). As the State has failed to cite authority requiring such findings outside the context of awarding attorney fees as a sanction, we assume no such authority exists, and we decline to review this argument further. *See Fernandez v. Farmers Ins. Co. of Ariz.*, 1993-NMSC-035, ¶ 15, 115 N.M. 622, 857 P.2d 22 ("The general rule is that cases are not authority for propositions not considered." (internal quotation marks and citation omitted)); *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("We assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority. We therefore will not do this research for counsel. Issues raised in appellate briefs which are unsupported by cited authority will not be reviewed by us on appeal." (citation omitted)). Accordingly, we conclude the district court's sanction order was not a disposition contrary to law.

**The State's Appeal of the District Court's Release Order Was Untimely**

**{19}** The State further argues the district court's order releasing Defendant from custody was contrary to law, giving rise to its constitutional right to appeal. Notwithstanding any purported error in the district court's disposition, we note that "[t]he timely filing of [any] appeal is a mandatory precondition to this Court's exercise of jurisdiction." *State v. Lope*, 2015-NMCA-011, ¶ 8, 343 P.3d 186. The State has made no argument, nor provided any authority, from which we can conclude the State's appeal from the district court's order releasing Defendant from custody is not governed by the procedural requirements set forth in our Rules of Appellate Procedure. *See* Rule 12-204(A), (C)(1) NMRA (providing that [t]his rule governs appeals under Rule 5-405 NMRA from orders regarding release or detention[,]" and that "[a]n appeal under this rule *shall* be initiated by filing a motion with the clerk of the appropriate appellate court *within ten (10) days after the decision of the district court is filed*" (emphases added)); Rule 5-405(A)(3)(b) (providing that "[a] party may appeal an order regarding release or detention" and that "the [S]tate may appeal if the district court has denied the prosecutor's motion for pretrial detention"); *State v. Upchurch*, 2006-NMCA-076, ¶ 3, 139 N.M. 739, 137 P.3d 679 ("Although the [s]tate is an 'aggrieved party' from the district court order . . . within the meaning of the New Mexico Constitution, an aggrieved party with the right to appeal must exercise that right within the confines of the Rules of Appellate Procedure."). The State did not seek appellate review of the district court's order in a timely fashion. Instead, it filed a notice of appeal almost thirty days after the district court's release order and has otherwise failed to demonstrate exceptional

circumstances. We therefore decline to review its appeal of the district court's order releasing Defendant. *See Upchurch*, 2006-NMCA-076, ¶¶ 4-6 (declining to extend the presumption of ineffective assistance of counsel to the state, concluding that "in the absence of exceptional circumstances, we rigidly enforce the mandatory time limits for filing the notice of appeal[,]" and dismissing the state's untimely appeal).

**CONCLUSION**

**{20}** Because the district court's sanctions order was not a disposition contrary to law, and the State's appeal of the district court's release order was untimely, we dismiss the State's appeal for lack of jurisdiction and timeliness. *See Grossetete*, 2008-NMCA-088, ¶ 15 (dismissing the state's appeal because the district court's order was not contrary to law and thus the state did not have a constitutional right to appeal); *Upchurch*, 2006-NMCA-076, ¶ 1 (dismissing the state's untimely appeal).

**{21}  IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Judge**

**JACQUELINE R. MEDINA, Judge**