This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39056

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**BRANDY LEE PEREZ,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Kimberly Chavez-Cook, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

{1}     The State appeals from the district court's order granting Defendant's motion to discharge probation and dismiss the petition to revoke probation for lack of jurisdiction, based on the expiration of Defendant's probationary term. Unpersuaded that the State demonstrated it has a constitutional right to appeal from the dismissal of its petition, as a party aggrieved by a disposition contrary to law, we issued a notice of proposed summary disposition, proposing to dismiss. *See State v. Grossetete*, 2008-NMCA-088, ¶¶ 1, 4, 5, 13, 15, 144 N.M. 346, 187 P.3d 692 (explaining that in the absence of a

statutory right to appeal from the dismissal of a petition to revoke probation, the state must establish a constitutional right to appeal, measured by whether it is aggrieved by a district court disposition that is contrary to law). The State has responded to our notice with a memorandum in opposition. We have considered this response and remain unpersuaded that the district court's disposition was contrary to law and dismiss the State's appeal.

**{2}** In its docketing statement, the State did not explain the grounds for its assertion that Defendant's third district court case (Cause No. 247)—which imposed a sentence that ran consecutive to her concurrent sentences in first two cases (Cause Nos. 551 and 241 )—affects Defendant's concurrent probationary terms in Cause Nos. 551 and 241. The State's memorandum in opposition clarifies that it contends Defendant's concurrent probationary terms did not begin until she completed her terms of incarceration for all three cases. [MIO 3] Underlying this contention is the State's belief that a defendant *cannot* serve probation in prison. The State does not rely on any case law or statute that specifically supports its view; instead, it relies on the broad definition of probation, the general purposes of probation, and distinctions between parole and probation. [MIO 3-5] The State also contends the language of the district court's sentencing order further supports the State's conclusion. [MIO 4]

**{3}** We are not persuaded by these arguments. Our Supreme Court has determined that "in the case of consecutive sentencing, the parole period of each offense commences immediately after the period of imprisonment for that offense, and such parole time will run concurrently with the running of any subsequent basic sentence then being served." *Brock v. Sullivan*, 1987-NMSC-013, ¶ 13, 105 N.M. 412, 733 P.2d 860; *id.* ¶ 6 (agreeing with the defendant that the parole board could not stack multiple parole periods to be served after the completion of the consecutive sentences). While our case law does not contain such a clear statement with regard to probation in consecutive sentences, NMSA 1978, § 31-20-5(B)(1) (2003), states in relevant part: "the period of probation shall be served subsequent to any required period of parole, with the time served on parole credited as time served on the period of probation[.]" Thus, generally, in the absence of a parole violation, probation is served during and after the term of parole. We recognize there are distinctions between parole and probation, and we recognize that we have stated that "probation is intended to be served 'without imprisonment.' " *State v. Ortiz*, 2015-NMCA-020, ¶ 10, 344 P.3d 1032 (quoting NMSA 1978, § 31-21-5(A) (1991) (defining probation). Our opinion in *Ortiz*, however, acknowledged that a defendant may serve probation during a period of incarceration on another sentence, 2015-NMCA-020, ¶ 10, and indeed involved a defendant serving probation while incarcerated on another sentence, *id.* ¶ 1. Similarly, in *State v. Hinojos*, this Court recognized that "[p]robation is imposed as a substitute for incarceration[,]" but nevertheless credited the defendant with time served on probation for the period he was incarcerated for other offenses, stating that the "[d]efendant in this case was not permitted to serve any portion of his probation outside prison walls." 2014-NMCA-067, ¶ 14, 327 P.3d 1120. In light of the foregoing and without providing us any authority expressly stating that a defendant cannot serve probation in prison, we are not persuaded by the State's contention. [MIO 4]

**{4}** To the extent the State has relied on *State v. Neal*, 2007-NMCA-086, 142 N.M. 487, 167 P.3d 935, [DS 5] presumably for the proposition that separate cases with consecutive sentences are considered together when determining whether to credit a defendant with time served on probation while incarcerated in another case, we are not persuaded that the facts of *Neal* are sufficiently similar to control the result here. In *Neal*, the issue was whether the defendant's parole violation in the first case could affect his probation in the second case that was run consecutive to the first. 2007-NMCA-086, ¶¶ 1-2, 6-7. This Court determined that while the defendant received credit for time on probation in the second case for time he spent on parole in the first case, he would not receive credit on his probationary term in the second case after he was imprisoned for violating parole in the first case under Section 31-20-5(B). *Neal*, 2007-NMCA-086, ¶¶ 22-23. Defendant here did not receive credit on his probationary term for time served in prison on a parole violation. Such a situation involves the statutory exception to probationary credit for time served on parole and is not applicable to the matter before us.

**{5}** In the absence of case law supporting the State's view, we turn to the judgment and sentence the State contends supports its conclusion. [MIO 4] The State relies on the following language from Cause Nos. 551 and 241: "Upon completion of this term of imprisonment and release from custody, . . . Defendant shall be placed on supervised probation for a period of one (1) year and six (6) months under the supervision of the Probation and Parole Division of the New Mexico Corrections Department, which shall run concurrently with the parole term imposed above." [RP 56, 98] The term of parole was one year. [RP 56] These sentences in Cause Nos. 551 and 241 referenced each other and ordered them to be served concurrently, but the judgments make no mention of Cause No. 247 or any other case and do not more broadly order the entire term or the remaining term of probation to be served after all of Defendant's terms of imprisonment in her cases before the district court. [RP 56, 98] Rather, the concurrent sentences state the term of probation and order it to be served "[u]pon completion of *this* term of imprisonment and release from custody[.]" (Emphasis added.) [RP 56, 98] This suggests an intent to order probation be served after her potential release from custody relative to the concurrent cases. However inartful the language may be, we are not persuaded that use of the standard phrase "and release from custody" after the phrase "[u]pon completion of this term of imprisonment" shows an intent to order Defendant's entire or remaining probationary term to be served after Defendant's completion of a sentence in another case that is not mentioned.

**{6}** Likewise, the judgment and sentence in Cause No. 247 does not support the State's theory, stating only: "The sentence imposed in this case shall be served consecutively to the sentences imposed in Cause Nos. [241 and 551.]" [RP 109] Assuming without deciding that the district court had the authority to order that Defendant serve her probationary term in Cause Nos. 241 and 551 after serving her term of incarceration in Cause No. 247, the district court could have stated as much, and did not. Alternatively, if the district court wanted Defendant to serve some term of probation outside of prison, it could have sentenced Defendant to serve probation in Cause No. 247, and did not. Indeed, the district court also did not construe its own

orders to reach the result advocated by the State. For these reasons, we agree with Defendant's assertion in her motions to dismiss the petitions to revoke that there is no indication in the relevant judgments that her concurrent sentences "ran consecutive to any other matter that would prolong the jurisdiction of [the district court] beyond the two (2) years and six (6) months," [RP 87] which Defendant appears to have served in prison, before the State filed the petitions to revoke probation.

{7}     Based on the foregoing, we are not persuaded that the district court's order dismissing the petition to revoke probation and discharging Defendant from probation constituted a disposition contrary to law. *See Grossete*, 2008-NMCA-088, ¶ 15. Accordingly, the State has not established a constitutional right to appeal from this order. We dismiss.

{8}     **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**