This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41313**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellant,

v.

**MICHAEL A. GURULE,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Jason Lidyard, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Peter James O'Connor, Assistant Attorney General
Albuquerque, NM

for Appellant

The Marlowe Law Firm
Daniel L. Marlowe
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** The State appeals the district court's order denying the State's petition to revoke Defendant's probation. We previously issued a notice of proposed summary disposition in which we proposed to affirm the district court's decision. The State has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** The State continues to argue that it has a constitutional right to appeal. Relying on *State v. Horton*, 2008-NMCA-061, ¶ 1, 144 N.M. 71, 183 P.3d 956, the State asserts that this Court must decide the merits of the issue raised in order to determine whether there is a constitutional right to appeal. [MIO 2] We disagree that a review of the merits regarding whether the district court abused its discretion is required here. We note that *Horton* is distinguishable from this case because it does not involve the denial of a petition to revoke probation. In addition, as acknowledged in our notice of proposed disposition, the district court exercising its discretionary authority to dismiss a petition to revoke probation does not act "contrary to law" for purposes of determining whether the State has a constitutional right to appeal the dismissal. [CN 3-4] *See State v. Grossetete*, 2008-NMCA-088, ¶ 10, 144 N.M. 346, 187 P.3d 692 (concluding the state had no constitutional right to appeal the district court's decision denying a petition to revoke probation and concluding that the disposition was not contrary to law because it was within the district court's discretion and authority to decide that the probation should not be revoked); *see also State v. Heinsen*, 2005-NMSC-035, ¶ 9, 138 N.M. 441, 121 P.3d 1040 (providing that the state must demonstrate that the district court's ruling is contrary to law, rather than a discretionary application of the law to the facts).

**{3}** In its memorandum in opposition, the State identifies four reasons it believes the district court's decision was contrary to law, despite having been an exercise of its discretionary authority. First, the State asserts that the district court's disposition amounts to an abuse of discretion because it disregarded undisputed facts and because it made a finding that is not supported by substantial evidence. [MIO 5] In *Grossetete*, this Court addressed a similar situation. There, the petition to revoke the defendant's probation was based on reports from probation officers that Defendant had tested positive for drugs, been terminated from a drug treatment program, possessed drugs, and had contact with inmates—all of which was prohibited under the terms of his probation. *Grossetete*, 2008-NMCA-088, ¶ 6. The evidence in *Grossetete* was uncontested. *Id.* ¶ 7. Looking to the language of the probation violation statute, this Court noted that "if a violation is established, the [district] court has a number of options, including the continuation of the original probation." *Id.* ¶ 9; *see* NMSA 1978, § 31-21-15(B) (2016) ("If the violation is established, the court may continue the original probation or revoke the probation."). Reasoning that it was therefore "within the district court's discretion and authority to decide that the probation should not be revoked, *even if there was sufficient evidence to support the petition*," the *Grossetete* court concluded that the district court's disposition was not contrary to law. 2008-NMCA-088, ¶ 10 (emphasis added) (acknowledging that the primary purpose of probation is rehabilitation, and "the district court has wide discretionary authority to monitor a defendant's compliance with conditions of probation while considering the goal of rehabilitation").

**{4}** As stated in the proposed disposition, the findings that the State has identified indicate the district court properly took the information presented at the hearing into consideration in making its decision. [CN 4] Accordingly, like the district court in *Grossetete*, the district court here acted within its discretion, despite the existence of what the State identifies as undisputed facts sufficient to support the petition. Our

conclusion in this regard also comports with Section 31-21-15(B), which the State acknowledges it has a strong interest in enforcing. [MIO 6] We therefore conclude that, because the district court acted within its discretionary authority, the district court's disposition was not contrary to law. *See id.* ¶ 10.

{5}     Second, the State asserts the district court's decision to deny the State's petition to revoke Defendant's probation "unlawfully modifies the terms of probation and the sex offender contract." [MIO 8] In support of its assertion, the State points to what it characterizes as a finding made by the district court that the Defendant did not act with ill-intent. [DS 4; MIO 8] However, the State has failed to explain how a factual finding regarding Defendant's intent serves to modify Defendant's sentence or probation terms. [MIO 9] *See State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493 (providing that the State has the burden of establishing with reasonable certainty that defendant violated a condition of probation). In addition, the State fails to acknowledge that a finding regarding Defendant's intent could be relevant as evidence to excuse non-compliance. *See id.* ("Once the state offers proof of a breach of a material condition of probation, the defendant must come forward with evidence to excuse non-compliance." (internal quotation marks and citation omitted)). Moreover, the language of the finding, upon which the State's argument is based, comes from a proposed order that the district court declined to adopt and that was never filed except as an exhibit to the State's motion. [RP 189, 203, 208] We are therefore unpersuaded by the State's argument that the district court modified the terms of Defendant's probation and sex offender contract by making a finding regarding his intent.

{6}     Third, the State asserts the district court did not understand the meaning of a material term in the sex offender contract when it denied the State's petition. [MIO 10-13] In support of this assertion, the memorandum in opposition states that "[i]n its May 12, 2023 final order . . . the district court ordered a 'future hearing'" to clarify the meaning of certain terms in the sex offender contract. [MIO 10-11] Again, not only was such an order never entered, the language quoted comes from a proposed order that the district court declined to issue. [RP 189, 203, 208] We are unpersuaded that the State has identified any error as to this issue.

{7}     Finally, the State asserts that the district court failed to "give effect to [the] sex offender contract" by considering the intent of the parties on the record. [MIO 12] The State, however, has not identified any authority to suggest the district court was required to conduct any such analysis in determining whether to revoke Defendant's probation. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists."). Furthermore, the cases cited by the State are inapposite because they do not involve probation revocation. *See generally State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 ("A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact."), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore conclude that the

State has failed to demonstrate the district court acted contrary to law, and we hold that the State does not have a constitutional right to appeal in this case.

**{8}** Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

**{9}** **IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JACQUELINE R. MEDINA, Judge**